STATE OF CONNECTICUT *v.* CHARLES COLEMAN
(6350)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued October 20, 1988—decision released January 10, 1989

*Jon C. Blue,* assistant public defender, with whom, on the brief, was *Joette Katz,* for the appellant (defendant).

*James M. Ralls,* deputy assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *Susan Marks,* assistant state's attorney, and *Eileen McCarthy Geel,* legal intern, for the appellee (state).

STOUGHTON, J. The defendant appeals from the judgment of conviction rendered following his pleas of guilty to twenty of twenty-six counts in nine separate informations. The pleas were made under the doctrine of the *Alford*[1] case. Before he was sentenced, the defendant moved to withdraw his pleas. The motion was denied except as to one count and sentence was imposed.

The defendant claims (1) that his pleas were not made knowingly and voluntarily because the presiding judge had advised him incorrectly as to the mandatory minimum sentences for the crimes charged, (2) that participation by the judge in the plea negotiations rendered the pleas involuntary, and (3) that the judge should have disqualified himself. We find no error.

---

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

The defendant was arrested and charged with twenty-six counts arising out of nine different incidents. These counts included six sexual assaults, eight burglaries, multiple robberies, larcenies, assaults, and various criminal attempts. The maximum penalty for all the charges could have been 311 years. A plea agreement between the state and the defendant was reached on the eve of trial. Under the agreement, the defendant was to plead guilty to a majority of the charges while the state would nolle the remaining charges and recommend a thirty-five year sentence. The defendant would be free to argue for a thirty year sentence. The judge had been present during some of the negotiations between the state and the defense counsel. After an agreement was reached, the judge stated that he would follow the recommendations unless, upon review of the presentence report, he believed that there should be a more lengthy sentence, in which case he would allow the defendant to withdraw his pleas.

On May 27, 1987, the defendant pleaded guilty to various charges under the *Alford* doctrine. The state then recited its factual basis for the charges, which included the fact that the defendant's fingerprints were found at all the crime scenes. The terms of the plea agreement were noted by the state with the concurrence of defense counsel.

The court then canvassed the defendant to determine whether his pleas were made voluntarily and intelligently. After the court was satisfied that the pleas were entered knowingly and voluntarily, and that the defendant had understood the crimes charged and their possible penalties and had received adequate and effective assistance of counsel, the court accepted the pleas.

Thereafter, the defendant moved to withdraw his pleas. After a hearing before the judge who had

accepted the pleas, the motion was denied. The court then sentenced the defendant to serve a total maximum effective sentence of thirty-five years.

The defendant's first claim is that his pleas were not voluntarily and knowingly made because the court incorrectly informed him that the mandatory minimum sentence to be served was thirty years.[2] The defendant points out that under General Statutes § 53a-37, a sentencing court may make all mandatory minimum sentences run concurrently. The defendant correctly states that if the sentences had run concurrently, the mandatory minimum sentence would have been five years rather than thirty years as stated by the court. He asserts that this error by the court rendered his plea involuntary and unknowing because he thought that the sentence recommended was close to the minimum sentence that could have been imposed. The defendant raises this issue for the first time on appeal. "Those claims which implicate the knowing and voluntary nature of a plea are reviewable under the exceptional circumstances doctrine of *State* v. *Evans,* [165 Conn. 61, 70, 327 A.2d 576 (1973)]." *State* v. *Wright,* 207 Conn. 276, 286, 542 A.2d 299 (1988). Accordingly, we undertake a review to ascertain if the claim affects the knowing and voluntary nature of the defendant's plea. Id., 287.

Our review of the plea canvass discloses that while the defendant was understandably unhappy about having to choose between going to trial in the face of strong

---

[2] The trial court recited the various charges against the defendant and then told him: "What that means in terms of minimums and maximums here, is that you have actually 16 years of these based on these charges and is absolutely mandatory minimum that the court cannot suspend or reduce any way. The total minimum sentences you would face would be 30 years and the absolute minimum sentence you would face on all of the charges, if they were all imposed consecutively, would be 311 years. So that's what you would face in terms of total exposure if absolute maximum sentences were imposed on every single charge."

state's evidence and accepting the plea agreement, he clearly understood that he could receive a harsher sentence if he were to be convicted at trial. The defendant was informed of the rights he was waiving, the charges against him, and the possible sentences. The defendant stated that he was not under the influence of drugs or alcohol, that he had consulted with his lawyer, that he had not been threatened, and that it was his own decision to enter the pleas under the *Alford* doctrine.

After careful review, we conclude that the plea was knowingly and voluntarily made. The defendant received the sentence he bargained for. See *D'Amico* v. *Manson,* 193 Conn. 144, 154, 476 A.2d 543 (1984). A defendant's less than perfect understanding of all aspects of his situation does not "inevitably render his guilty plea 'unknowing' and therefore involuntary . . . ." Id. The trial court's failure to advise the defendant that the mandatory sentences could be made concurrent did not affect the knowing and voluntary nature of his guilty plea. The defendant's further contention that there was a violation of Practice Book § 711 (2),[3] thus requiring a finding that the plea was not knowing and voluntary, has been foreclosed by our Supreme

[3] Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

Court's decision in *State* v. *Collins,* 207 Conn. 590, 595, 542 A.2d 1131 (1988), which held that such claims are not reviewable under the *Evans* bypass doctrine.

The defendant's second claim is that the judge's participation in the plea negotiations rendered the pleas involuntary. Again, this issue is raised for the first time on appeal. Because this claim also involves the voluntariness of the defendant's plea, we will review it under the doctrine of *State* v. *Evans,* supra. Upon our review of the record, we find no support for the defendant's proposition that the judge "forged" the plea agreement[4] or that he in any way had an interest in obtaining the defendant's guilty plea or that he "exacerbated the already inherently coercive nature of the situation." During the plea canvass, the court diligently attempted to make sure that the defendant was fully aware of all the consequences of pleading guilty and all the possible consequences of going to trial. We find nothing coercive about this. Accordingly, the defendant's claim that the trial court's behavior rendered the defendant's plea involuntary is without merit.

The defendant's final claim is that the judge should have disqualified himself from participating in the plea canvass and the hearing on the motion for withdrawal of pleas because of his participation in the plea negotiations. Once more we are presented with an issue that is raised for the first time on appeal.

Initially, as we previously noted, there is no evidence that the judge "participated" in the plea bargain. Beyond that, however, the failure to raise a disqualifi-

---

[4] The defendant's assertions that the trial judge participated in the plea agreement in chambers are without merit. "Representations made by counsel are not evidence in the record upon which we can rely on our review of the judge's conduct." *State* v. *Weber,* 6 Conn. App. 407, 413, 505 A.2d 1266, cert. denied, 199 Conn. 810, 508 A.2d 771 (1986). In the absence of an adequate record corroborating the defendant's claims, we cannot, and will not, ascribe such conduct to the trial court.

cation issue at trial will bar its review on appeal except in the exceptional circumstance where such "an accusation of actual prejudice has been made against a judge, striking at 'the very core of judicial integrity . . . .' " *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 517, 508 A.2d 415 (1986), quoting *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 501, 101 A.2d 500 (1953).

The defendant admits that he makes no accusation of prejudice. This is dispositive of this claim.

There is no error.

In this opinion the other judges concurred.