STATE OF CONNECTICUT *v.* WINTHROP D. BAKER III
(7106)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued December 20, 1988—decision released February 14, 1989

*John R. Williams,* with whom, on the brief, was *Leslie Travis,* law student intern, for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom, on the brief, were *Mary Galvin,* state's attorney, and *Robert Qulia,* legal intern, for the appellee (state).

DALY, J. This is an appeal by the defendant from the denial by the trial court of his motion to withdraw his plea of guilty entered pursuant to the *Alford* doctrine.[1]

On February 18, 1988, the defendant entered an *Alford* plea to the charge of arson in the second degree, a violation of General Statutes § 53a-112 (a) (1) (A).[2] The trial court canvassed the defendant pursuant to Practice Book §§ 711 and 712[3] and then accepted the

___

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] General Statutes § 53a-112 (a) provides in pertinent part: "A person is guilty of arson in the second degree when, with intent to destroy or damage a building . . . (1) he starts a fire or causes an explosion and (A) such act subjects another person to a substantial risk of bodily injury . . . ."

[3] "[Practice Book] Sec. 711. —— ——ADVICE TO DEFENDANT

"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assist-

plea. The court entered a finding of guilty and set a sentencing date. Two days prior to sentencing, new counsel appeared for the defendant and filed a motion to withdraw the guilty plea pursuant to Practice Book §§ 720 and 721.[4] On May 19, 1988, the trial court denied the motion and thereafter sentenced the defendant to a term of seven years imprisonment, suspended after three years, with three years probation, in accordance with the plea agreement.

ance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

"[Practice Book] Sec. 712. —— ——INSURING THAT THE PLEA IS VOLUNTARY

"The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting attorney and the defendant or his counsel."

[4] "[Practice Book] Sec. 720. —— ——WHEN ALLOWED

"A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

"[Practice Book] Sec. 721. —— ——GROUNDS

"The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

On appeal, the defendant claims that the trial court erred in denying his motion to withdraw his guilty plea. He argues that the court failed to inform him of the maximum fine that could be imposed for a violation of General Statutes § 53a-112 and therefore failed to personally ensure that he fully understood the maximum possible sentence on the charge as required by Practice Book § 711 (4), thereby denying him due process of law as secured by the Connecticut and United States constitutions. We find no error.

This court recently held in *State* v. *Rish,* 17 Conn. App. 447, 451–52, 553 A.2d 1145 (1989), that the failure of the trial court to inform the defendant of the precise amount of the fine that could have been imposed as a result of his *Alford* plea did not constitute defective compliance with Practice Book § 711 (4).

In *State* v. *Collins,* 207 Conn. 590, 596, 542 A.2d 1131 (1988), our Supreme Court was unpersuaded by the argument that the trial court erred when it accepted the defendant's guilty pleas without informing him of the minimum sentences mandated by each charge to which he pleaded guilty. The defendant's appellate argument was unavailing because the sentence imposed was not different from that of the plea bargained agreement. Id.; see also *State* v. *Coleman,* 17 Conn. App. 307, 312, 552 A.2d 442 (1989).

Finally, in *State* v. *Godek,* 182 Conn. 353, 360, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981), the court held that the failure of the trial court to advise the defendant of the right to a trial by a judge, as required by Practice Book § 711 (5), did not require the vacating of the defendant's plea. The trial court had complied with every other facet of § 711; accordingly, the Supreme Court held that there was substantial compliance with

§ 711, such that none of the defendant's constitutionally protected rights had been abridged.

"Practice Book § 711 was promulgated to ensure that guilty pleas are made voluntarily and with full knowledge of the waiver of constitutional rights." *State* v. *Suggs,* 194 Conn. 223, 226, 478 A.2d 1008 (1984), citing *State* v. *Godek,* supra, 357. In *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), the United States Supreme Court identified the three constitutional rights which are waived by a plea of guilty: "First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reasons of the Fourteenth [Amendment]. . . . Second, is the right to a trial by jury. . . . Third, is the right to confront one's accusers." (Citations omitted.) *Boykin* v. *Alabama,* supra, 243.

In the present case, the trial court complied with every provision of Practice Book § 711 except that it failed to inform the defendant of the maximum fine that could be imposed for a violation of § 53a-112. Our review of the proceedings indicates that a fine was not contemplated in the plea bargain. Accordingly, we hold that the failure of the trial court to inform the defendant of the maximum fine that could have been imposed does not constitute defective compliance with Practice Book § 711 (4) and that the defendant knowingly and voluntarily waived his constitutional rights.

There is no error.

In this opinion the other judges concurred.