STATE OF CONNECTICUT *v.* NAPHTALI E. BROWN
(7278)
(7279)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 14—decision released September 5, 1989

*Kent Drager,* assistant public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgments of conviction rendered following his guilty pleas entered pursuant to *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to three counts of violating drug laws. The defendant claims that the court erred in accepting his pleas in that (1) it misinformed him of the mandatory minimum sentence, (2) it did not determine on the record that the defendant understood the nature of his pleas under the *Alford* doctrine, (3) it failed to state on the record that the defendant understood the nature of the charges against him, and (4) there was an insufficient factual basis to support the pleas. We find no error.

The following facts are dispositive of this appeal. On January 26, 1988, the defendant appeared before the trial court and changed his pleas of not guilty to guilty under the *Alford* doctrine to two counts of sale of cocaine, in violation of General Statutes § 21a-278 (b), and one count of conspiracy to sell narcotics in violation of General Statutes §§ 21a-277 (a) and 53a-48. The defendant waived the presentence investigation and was immediately sentenced, pursuant to a plea agreement, to three concurrent nine year terms.

The defendant concedes that he did not raise these claims of error in the trial court. When a party fails to raise an issue before the trial court, that issue is ordinarily not reviewable as a claim of error on appeal. Practice Book § 4185. "Only in most exceptional circumstances can and will this court consider a claim,

constitutional or otherwise, that has not been raised and decided in the trial court." Id.; *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973).

In the present case, the defendant claims that the circumstances surrounding his pleas and sentencing should excuse him from the requirement of raising his claims of error in the trial court. The gravamen of his argument is that because he was sentenced immediately following the entry of his pleas, he had no opportunity to reflect on the court's plea canvass and to decide whether or not to object thereto. An analysis of this contention requires us to consider the relief sought in this court. The defendant asks that he now be allowed to withdraw his guilty pleas because of the claimed deficiencies in the court's canvass.

Practice Book § 720 explicitly provides that a plea may not be withdrawn after the conclusion of the proceeding at which sentence is imposed. This rule is understandable when viewed from the standpoint of the more common procedure that entails a lapse of several weeks between the entry of a plea and the imposition of sentence, during which a presentence investigation (PSI) is conducted. The defendant's argument, however, overlooks the fact that the cause of his immediate sentencing was his waiver of his statutory right to a PSI. Only the defendant can initiate the waiver of a PSI. See General Statutes § 54-91a. Accordingly, the defendant brought on the immediate sentencing and thereby eliminated the period during which he could make a motion to withdraw his pleas.

We conclude that the circumstances surrounding the entry of the defendant's pleas and sentencing do not excuse him from properly preserving his claims of error. Therefore, in order to obtain review of his claims, he must bring them within the constitutional bypass

exception of *State* v. *Evans,* or, in the alternative, the plain error doctrine.[1]

The defendant's first claim is that the trial court erred by misinforming him of the possible mandatory minimum sentence. He appears to be asserting a violation of Practice Book § 711 as well as a constitutional violation. In light of *State* v. *Collins,* 207 Conn. 590, 595, 542 A.2d 1131 (1988), the defendant's claim of a § 711 violation is not reviewable under the *Evans* bypass doctrine. *State* v. *Coleman,* 17 Conn. App. 307, 312–13, 552 A.2d 442 (1989).

Turning to the defendant's constitutional claim, in *State* v. *Wright,* 207 Conn. 276, 289, 542 A.2d 299 (1988), our Supreme Court held that the trial court's failure to advise the defendant of the mandatory minimum sentence does not implicate constitutional rights unless the pleas were not intelligently and voluntarily made. Id., 289. A limited review is necessary to determine whether the knowing and voluntary nature of the plea is affected. Id., 286–87. In *State* v. *Coleman,* supra, 311–12, this court held that an error in the court's recitation of the mandatory minimum sentence did not affect a determination that the plea was knowingly and voluntarily made. The defendant, in the present case, received the sentence he bargained for. Thus, his "less than perfect understanding of all the aspects of his situation does not 'inevitably render his guilty plea "unknowing" and therefore involuntary . . . .' " Id., quoting *D'Amico* v. *Manson,* 193 Conn. 144, 154, 476 A.2d 543 (1984); see also *State* v. *Collins,* supra, 596; *State* v. *Baker,* 17 Conn. App. 466, 469, 553 A.2d 1155 (1989); *State* v. *Rish,* 17 Conn. App. 447, 451–52, 553

---

[1] The defendant has requested plain error review only as to his first claim. Accordingly, on the facts of this case, we decline to extend such review to his remaining claims. *State* v. *Speers,* 17 Conn. App. 587, 602, 554 A.2d 769 (1989).

A.2d 1145 (1989). We conclude, after our limited review, that the defendant's claim is not of constitutional import.

We also decline to consider this claim under the plain error doctrine because "[w]here a trial court's action does not result in any manifest injustice, a defendant's claim under the plain error doctrine does not warrant review. *State* v. *Miller,* 202 Conn. 463, 469, 522 A.2d 249 (1987); *State* v. *Hinckley,* 198 Conn. 77, 87, 502 A.2d 388 (1985)." *State* v. *Wright,* supra, 288. Plain error review " ' "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in judicial proceedings." ' *State* v. *Miller,* supra, 469, quoting *State* v. *Hinckley,* supra, 87–88." *State* v. *Wright,* supra, 288–89. Because the defendant received the sentence for which he bargained, he cannot now be heard to complain that it constituted manifest injustice. See *State* v. *Coleman,* supra, 312.

The defendant's second claim is that the trial court erred in accepting his *Alford* pleas as knowing, intelligent and voluntary because the trial court did not determine nor does the record show that the defendant understood the meaning and nature of a plea under the *Alford* doctrine.

The defendant fails to furnish any authority, nor are we aware of any, for the proposition that failure to inquire into a defendant's understanding of an *Alford* plea renders the pleas constitutionally invalid. To the contrary, there is no requirement that a defendant be advised of every possible consequence of an *Alford* plea. *State* v. *Rish,* supra, 456; see also *Oppel* v. *Lopes,* 200 Conn. 553, 512 A.2d 888 (1986). During its canvass, the court in the present case specifically asked the defendant whether he had discussed his guilty pleas with his attorney, and he responded that he had. We

may thus assume that counsel explained the *Alford* plea. See *Oppel* v. *Lopes,* supra, 557; *Bowers* v. *Warden,* 19 Conn. App. 440, 442–43, 562 A.2d 588 (1989). Although a constitutional right is implicated, the defendant failed to demonstrate on appeal, that his claim is truly of constitutional proportions. Therefore, we conclude that his claim is not reviewable.

The thrust of the defendant's next claim of error is that the trial court did not adequately determine, on the record, that the defendant understood the elements of the crime with which he was charged. We disagree.

The record indicates that the court specifically asked the defendant if his counsel had explained the elements of the crimes to him and whether he was satisfied with the explanation.[2] This procedure has been expressly sanctioned by the United States Supreme Court as well as the Connecticut Supreme Court. *Henderson* v. *Morgan,* 426 U.S. 637, 644, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976); *Oppel* v. *Lopes,* supra, 557–59. Thus, the defendant's claim does not qualify for review under *Evans.*

The defendant's final claim of error is that the state's asserted factual basis was inadequate to support the pleas. For many years the law of this state required recitation of a factual basis to support a guilty plea,

[2] "The Court: If you don't understand my question, tell me. Don't look to your attorney for the answer. It has to come from you. Do you understand?

"The Defendant: Yes.

"The Court: Have you discussed your guilty pleas with your attorney?

"The Defendant: Yes.

"The Court: Has he had adequate time to explain to you and has he in fact explained to you all of the elements which go to make up the crimes to which you have just pleaded?

"The Defendant: Yes.

"The Court: Are you satisfied with the advice and assistance you have received from your counsel?

"The Defendant: Yes."

and lacking such a basis, acceptance of the plea violated the defendant's due process rights. See *State* v *Eason,* 192 Conn. 37, 43, 470 A.2d 688 (1984); *State* v. *Cutler,* 180 Conn. 702, 703, 433 A.2d 988 (1980); *State* v. *Marra,* 174 Conn. 338, 340, 387 A.2d 550 (1978); *State* v. *Battle,* 170 Conn. 469, 473–74, 365 A.2d 1100 (1976). Our Supreme Court began to question this position in *State* v. *Deboben,* 187 Conn. 469, 475 n.4, 446 A.2d 828 (1982), when it observed that, "it is not at all clear that . . . proof [of a factual basis] is constitutionally mandated." Despite this weakening of confidence in the rule, it remained the law of this state until *Paulsen* v. *Manson,* 203 Conn. 484, 490–91, 525 A.2d 1315 (1987). The *Paulsen* court analyzed numerous federal precedents that rejected a factual basis finding as a requirement of due process and concluded that a plea not supported by a factual basis is not constitutionally void. The *Eason, Cutler, Marra* and *Battle* cases, holding to the contrary, were expressly overruled. *Paulsen* v. *Manson,* supra, 491. Accordingly, this claim of error does not implicate a constitutional right and we deny review under *Evans.*

There is no error.

In this opinion the other judges concurred.