# STATE OF CONNECTICUT *v.* EDWARD C. DENNIS
## (11010 through 11024)
## (11158)

LAVERY, FREEDMAN and SCHALLER, Js.

Argued November 4, 1992—decision released February 23, 1993

*G. Douglas Nash,* public defender, for the appellant (defendant).

*Paul J. Ferencek,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Warren Maxwell,* assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgments of conviction following his guilty pleas entered into pursuant to the *Alford* doctrine.[1] The defendant claims that he is entitled to withdraw his pleas because (1) the sentence and plea agreement were illegal, (2) the sentence and plea agreement were confused and ambiguous, and (3) the trial court misinformed the defendant as to the range of penalties he would face if sentenced independently of the plea agreement. We reverse the judgment in part and remand the case for resentencing.

The following facts are not in dispute. The state charged the defendant with forty-five counts of criminal activity (thirty-six felonies and nine misdemeanors). The counts included varying degrees of robbery, burglary, larceny, assault, risk of injury to a child, reckless endangerment, and criminal mischief. The incidents giving rise to the charges allegedly occurred in the spring of 1987 in various areas of Hartford county.

---

[1] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

The prosecution and the defendant entered into plea negotiations. By the filing of substitute informations, the state offered to abandon prosecution of thirty of the forty-five charges but add two new charges in exchange for the defendant's pleas of guilty. The parties submitted their proposed plea agreement to the trial court when they appeared in court on May 19, 1988. The defendant expressed his willingness to accept the state's offer by pleading guilty under the *Alford* doctrine. Before accepting the pleas, the trial court canvassed the defendant pursuant to Practice Book § 711.[2]

During the canvass, the trial court explained to the defendant the maximum possible sentence for each of the seventeen charges contained in the substitute information. Regarding the charge of burglary in the first degree, the court failed to recite the five year mandatory minimum sentence provided in General Statutes § 53a-101.[3] The court also miscalculated the cumulative effect of all seventeen charges as potentially result-

---

[2] Practice Book § 711 provides: "—— ——ADVICE TO DEFENDANT

"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

[3] General Statutes § 53a-101 (c) provides: "Burglary in the first degree is a class B felony provided any person found guilty under subdivision (1) of subsection (a) shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

ing in a sentence of 150 years of incarceration and $90,000 in fines. The correct figures were 155 years of incarceration and $100,000 in fines.

The defendant assured the court that he understood the terms and implications of the agreement and that he voluntarily accepted them. See Practice Book § 712. With that accomplished, the court accepted his pleas, found the defendant guilty, and scheduled a sentencing hearing. The sentencing hearing took place on June 2, 1988, at which time the court sentenced the defendant in accordance with the plea agreement.

Under the agreement, three of the seventeen charges and their accompanying sentences (the primary sentences) formed the basis of the penalty. The first charge, robbery in the first degree, carried a sentence of twenty years of incarceration, suspended after ten years with five years of probation. The second charge, burglary in the third degree, carried a sentence of five years of incarceration, consecutive to the first charge. The third charge, robbery in the second degree, involved ten years of incarceration, suspended after five years. The sentence on the third charge was stated to be consecutive to the first charge but *the court did not* expressly state that it was consecutive to the second one. Pursuant to the agreement, the sentences on the remaining fourteen charges against the defendant ran concurrently, in practical effect having no bearing on the defendant's period of incarceration and subsequent probation. Nearly four years later, the defendant filed this appeal.[4]

I

The defendant asserts that for several reasons his sentencing was illegal and violated his right to due pro-

---

[4] Initially, the defendant did not timely appeal his convictions. On a petition of habeas corpus, however, he successfully regained his right to a direct appeal.

cess. He claims further that the asserted constitutional defects entitle him to withdraw his guilty pleas. We disagree.

At the outset, we note that the defendant did not preserve any of the claims that he now asserts in this appeal. Recognizing this deficiency, the defendant seeks appellate review via the *Evans-Golding* bypass. See *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973); *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). We therefore review each of the defendant's claims within the framework that our Supreme Court established in *State* v. *Golding,* supra. "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id., 239–40. In this case, the defendant's claims do not pass muster under the third prong, because the alleged constitutional violations do not clearly exist and did not deprive the defendant of his right to due process.[5]

"The United States Supreme Court has held that in order for the acceptance of a defendant's plea of guilty to comport with due process, the plea must be voluntarily and knowingly entered." *State* v. *Nelson,* 221

---

[5] Although the trial court has not strictly conformed with the terms of Practice Book § 711, particularly paragraphs (2) and (4), this apparent defect in the canvass does not automatically violate the defendant's constitutional rights. See *State* v. *Wright,* 207 Conn. 276, 289, 542 A.2d 299 (1988) (failure to advise defendant of mandatory minimum sentences in accepting guilty plea is not a constitutional violation); *State* v. *Brown,* 19 Conn. App. 640, 643, 563 A.2d 1379, cert. denied, 212 Conn. 821, 565 A.2d 540 (1989) (same).

Conn. 635, 639, 605 A.2d 1381 (1992); *Boykin* v. *Alabama,* 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); see also *State* v. *Spence,* 29 Conn. App. 359, 363, 614 A.2d 864 (1992). "The essence of due process is fundamental fairness. *United States ex rel. Crist* v. *Lane,* 745 F.2d 476, 482 (7th Cir. 1984), cert. denied, 471 U.S. 1068, 105 S. Ct. 2146, 85 L. Ed. 2d 503 (1985). Due process is an element that, when absent, produces [a reaction] which is shocking to the universal sense of justice. *United States* v. *Russell,* 411 U.S. 423, 432, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973)." (Internal quotation marks omitted.) *State* v. *Paulino,* 223 Conn. 461, 479–80, 613 A.2d 720 (1992). Additionally, in several different contexts our courts have required a showing of prejudice to establish a deprivation of due process.[6]

Against this backdrop, we turn to the defendant's claims in this appeal. The defendant's first claim is that the sentence and plea agreement are illegal and, therefore, null and void. The gravamen of this contention is that the sentence accompanying the third charge is improper because it failed to provide a period of probation or conditional discharge in accordance with General Statutes § 53a-28.[7] The defendant has not

---

[6] See, e.g., *State* v. *Robinson,* 213 Conn. 243, 248, 567 A.2d 1173 (1989) (violation of due process in context of preaccusation delay requires showing of substantial prejudice); *State* v. *Cochran,* 191 Conn. 180, 188, 463 A.2d 618 (1983) (any error in the jury charge was favorable to the defendant and is therefore not a justifiable basis of complaint by him); *State* v. *Gordon,* 197 Conn. 413, 425, 504 A.2d 1020 (1985) (defendant entitled to new trial only where he can show prejudice resulting from the court's actions); *State* v. *Messier,* 16 Conn. App. 455, 471, 549 A.2d 270, cert. denied, 209 Conn. 829, 552 A.2d 1216 (1988).

[7] General Statutes § 53a-28 provides in pertinent part: "AUTHORIZED SENTENCES. (a) Except as provided in section 17a-656 and chapter 420b, to the extent that the provisions of said section and chapter are inconsistent herewith, every person convicted of an offense shall be sentenced in accordance with this title.

"(b) Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences . . . (5) a term of imprisonment, with the execution of such sentence of imprison-

articulated any reason, however, why the allegedly illegal sentence is "fundamentally unfair" or "shocking to the universal sense of justice." See *United States* v. *Russell,* supra. As such, we conclude that, irrespective of the alleged deficiency, the defendant has failed to demonstrate a clear deprivation of a constitutional right, i.e., his right to due process.

Furthermore, the noncompliance with § 52a-28 by the trial court has minimal effect under the circumstances of this particular case. Although the trial court did fail to satisfy the requirements of § 53a-28 as to one of the primary sentences, the fact that the total effective sentence did include a five year period of probation is significant. In fact, the trial court could *not* have imposed an additional period of probation, since in this state the maximum possible probationary period is five years. General Statutes § 53a-29.[8] Thus, viewing the cumulative effect of the sentences imposed, we conclude that the action of the trial court in failing to annex a period of probation to the crime of robbery in the second degree does not constitute a due process violation.

The defendant relies heavily on *State* v. *Madera,* 198 Conn. 92, 503 A.2d 136 (1985). There, the defendant pleaded nolo contendere to the crime of arson, conditional on his right to take an appeal. Id., 97–99. The statute under which the defendant entered his plea did not, however, authorize an appeal as to those issues raised by the defendant. Id. Accordingly, the court declined to review his claims. The court held that "[b]ecause the defendant is foreclosed from raising the

---

ment suspended, entirely or after a period set by the court, *and* a period of probation or a period of conditional discharge . . . ." (Emphasis added.)

[8] The trial court could have imposed a period of probation as part of the charge of robbery in the second degree to run *concurrently* with the five year period of probation accompanying the charge of robbery in the first degree. Practically, however, this would have little effect on the overall impact of the sentences.

reserved issues before this court, and because the plea was given in reliance on his ability to pursue his appellate remedy, the judgment of conviction must be set aside and the matter remanded to the Superior Court for further proceedings." Id., 108.

The defendant argues, by analogy to *State* v. *Madera,* supra, that because his sentence is not in compliance with § 53a-28, his acceptance of the sentence is unenforceable. Unlike the defendant in *State* v. *Madera,* however, the defendant in this case has not relied to his detriment on the trial court's asserted noncompliance with the applicable statute. This difference is particularly significant since the defendant seeks review under *State* v. *Golding,* supra. The alleged noncompliance with § 53a-28 on the part of the trial court did not result in any unfairness to the defendant nor did it render the defendant's plea unknowing and involuntary. Thus, we do not discern a deprivation of the defendant's right to due process.[9]

The defendant's second claim is that the third primary sentence was confused, ambiguous and illegal. This claim is predicated on the fact that the third primary sentence expressly stated that it ran consecutively to the first one, but not the second. As such, the defendant claims that he could not decipher whether his period of unsuspended incarceration would be for fifteen or twenty years.[10] Although the ambiguity is

[9] Moreover, the defendant's claim that the sentence is illegal is dubious in light of our decision in *State* v. *McNellis,* 15 Conn. App. 416, 443–44, 545 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988). There the court stated that an " 'illegal sentence' is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. See 8A J. Moore, Federal Practice, para. 35.03[2], pp. 35-35 through 35-36."

[10] Because the third sentence did not state that it ran consecutively with the second one, the defendant argues that it should be interpreted as running concurrently. Under this interpretation, the second and third sentences would overlap, leaving a total sentence of thirty years imprisonment suspended after *fifteen* years with five years probation.

troubling, again, we find this claim insufficient to prevail under *State* v. *Golding,* supra.

Even accepting the defendant's claim that the interrelationship of the three primary sentences is ambiguous, the trial court dispelled the confusion during the course of the plea hearing. Before accepting the defendant's plea, the trial court asked the defendant, "[Y]ou're telling this court that you understood when you entered this plea, that the total effective sentence . . . to be imposed by the court, would be thirty years suspended after twenty, with five years probation? Was that your understanding?" The defendant responded, "Yes, it was." Having assured the court that he understood the cumulative effect of the sentences in the plea agreement, it is disingenuous for the defendant to claim now that his plea was involuntary and unknowing in violation of his right to due process. The defendant's second claim, therefore, fails to establish a clear infringement of a constitutional right.

The defendant's final claim is that the trial court misstated his sentencing alternatives. Specifically, the defendant points out two instances of inaccuracy. First, the trial court did not state that the charge of burglary in the first degree, General Statutes § 53a-101, carries with it a mandatory minimum sentence of five years. Second, the court miscalculated the maximum cumulative effect of the seventeen separate charges against him: the court stated that the defendant faced a possible 150 years of imprisonment and $90,000 in fines, when he actually faced 155 years of imprisonment and $100,000 in fines. We are not persuaded that these inaccuracies deprived the defendant of his right to due process enabling him to prevail under *State* v. *Golding,* supra.

The defendant relies on the Federal District Court decision in *Coleman* v. *Commissioner of Correction,*

Docket No. 2:91-CV0005 (PCD) (D. Conn. 1992). At issue in *Coleman,* as here, was "whether the defendant was aware of actual sentencing possibilities, and, *if not,* whether accurate information would have made any difference in his decision to enter a plea." (Emphasis added; internal quotation marks omitted.) Id., 4, citing *Hunter* v. *Fogg,* 616 F.2d 55, 58 (2d Cir. 1980). The sentencing court in *Coleman* explained to the defendant that he faced a *thirty* year mandatory minimum when in reality he faced only a *five* year mandatory minimum. That inaccuracy created a false incentive for him to accept the plea agreement. There, the court was convinced that the defendant would not have pleaded guilty had the sentencing court properly apprised him of the sentencing options.

Applying the analysis in *Coleman* to the present case, we conclude that the inaccuracies at issue logically had no bearing on the defendant's acceptance of the plea bargain. Unlike in *Coleman,* the trial court in this case *understated* the possible sentences. The court omitted the fact that burglary in the first degree carries a five year mandatory minimum sentence and downsized the cumulative effect of the seventeen charges against the defendant. Thus, the trial court did not create an additional incentive for the defendant to accept the plea agreement. If anything, the trial court's action decreased the likelihood of the defendant's accepting the plea. It is readily apparent, therefore, that "accurate information would [not] have made any difference in his decision to enter a plea." *Coleman* v. *Commissioner of Correction,* supra. We conclude that the defendant has failed to demonstrate any fundamental unfairness resulting from the actions of the trial court. See *State* v. *Wright,* 207 Conn. 276, 289, 542 A.2d 299 (1988); *State* v. *Brown,* 19 Conn. App. 640, 643, 563 A.2d 1379, cert. denied, 212 Conn. 821, 565 A.2d 540 (1989). Accordingly, he cannot prevail under *State* v. *Golding,* supra.

## II

Although the claims raised by the defendant do not entitle him to withdraw his guilty pleas, several defects in the sentencing do necessitate a resentencing by the trial court. It is axiomatic that this court is vested with the authority to remand a case for resentencing. See, e.g., *State* v. *Hanson,* 210 Conn. 519, 556 A.2d 1007 (1989); *State* v. *Carpenter,* 19 Conn. App. 48, 562 A.2d 35, cert. denied, 213 Conn. 804, 567 A.2d 834 (1989). In doing so, however, it is not this court's function to prescribe the new sentence. *Miller* v. *Commissioner of Correction,* 29 Conn. App. 773, 780, 617 A.2d 933 (1992); *State* v. *Schaeffer,* 5 Conn. App. 378, 390, 498 A.2d 134 (1985). The appropriate disposition is a remand to the trial court with direction to resentence the defendant.

In this case, two possible interpretations of the sentences exist, neither of which can be squared with the sentence agreed on. First, if each of the three primary sentences runs consecutively with the other, the cumulative effect would be thirty-five years of incarceration, suspended after twenty years. We reject this interpretation because it imposes a maximum (thirty-five years) exceeding that to which the defendant expressly agreed (thirty years). The second interpretation is that the second and third primary sentences run concurrently with each other and consecutively with the first sentence. Under this interpretation, the cumulative effect would be thirty years of incarceration suspended after fifteen years. We also reject this interpretation because, despite offering a lesser period of incarceration, this is not the essence of the plea agreement.

The defendant has not asserted this matter in support of his request to withdraw his guilty pleas and, therefore, has abandoned it insofar as his due process

claim is concerned. *Kelly* v. *Bonney*, 221 Conn. 549, 586, 606 A.2d 693 (1992). This defect does, however, necessitate a resentencing. On remand, the trial court may restructure the sentences on the seventeen remaining convictions to reach the sentence that was originally agreed on, namely thirty years of imprisonment suspended after twenty years with five years of probation. The trial court should also correct its failure to prescribe a period of probation in the sentence accompanying the charge for robbery in the second degree. See part I, supra. "The guiding principle is that the [trial] court may resentence the defendant 'to achieve a rational, coherent [sentence] in light of the remaining convictions,' as long as the revised total effective sentence does not exceed the original." *State* v. *Raucci*, 21 Conn. App. 557, 563, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990) (resentencing after trial court vacated one of several criminal convictions), citing *United States* v. *Bentley*, 850 F.2d 327, 328–29 (7th Cir.), cert. denied, 488 U.S. 970, 109 S. Ct. 501, 102 L. Ed. 2d 537 (1988).[11]

The defendant has not asserted any constitutional defect in this case that would warrant a withdrawal of his guilty pleas. The trial court must resentence the defendant, however, to alleviate the sentencing defects.

---

[11] The decision in *State* v. *Raucci*, 21 Conn. App. 557, 558, 575 A.2d 234 (1990), was a case of first impression addressing whether "the trial court when correcting an illegal sentence pursuant to Practice Book § 935 after a multicount conviction has been partially set aside, may restructure the entire sentencing plan in order to effectuate its original sentencing intent." Relying on the "overwhelming weight of the federal authority," this court answered the question affirmatively. Id., 562. While the defendant has not moved for correction under Practice Book § 935, we choose not to let stand a technically defective sentence of this nature. On remand, therefore, the trial court may restructure the sentencing plan to effectuate the agreed sentence of thirty years of incarceration suspended after twenty with five years of probation.

The judgment is reversed in part and the case is remanded for resentencing in accordance with this opinion.

In this opinion the other judges concurred.

