STATE OF CONNECTICUT *v.* DAVID CUTLER

COTTER, C. J., LOISELLE, SPEZIALE, PETERS and HEALEY, Js.

Argued February 14—decision released May 20, 1980

*T. Stevens Bliss,* for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Walter D. Flanagan,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant pleaded guilty to possession of a controlled substance with intent to sell or dispense in violation of Public Acts 1974, No. 74-332 § 2 (b),[1] and was sentenced to a term of

[1] Public Acts 1974, No. 74-332 § 2 (b), as amended by Public Acts 1975, No. 75-567 § 65, is currently codified at § 19-480 (b) of the General Statutes.

imprisonment of not less than two nor more than five years. In his appeal from this judgment the defendant claims that the trial court erred in accepting his guilty plea because the factual basis to which he assented at the time he entered the plea was insufficient to render the plea knowing, intelligent, and voluntary.

In its finding the trial court[2] concluded that the defendant's guilty plea was entered "voluntarily, intelligently and knowingly, with a sufficient factual basis." The trial court's conclusions are tested by the finding, and a conclusion cannot stand if it is legally or logically inconsistent with the facts found or if it involves some erroneous rule of law applicable to the case. *Winchester* v. *Connecticut State Board of Labor Relations,* 175 Conn. 349, 353, 402 A.2d 332 (1978); *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500 (1968). We find that the conclusion of the trial court cannot stand.

If the record does not affirmatively disclose that a defendant entered a guilty plea knowingly, intelligently, and voluntarily, the plea is not constitutionally valid. *Henderson* v. *Morgan,* 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976); *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Marra,* 174 Conn. 338, 340, 387 A.2d 550 (1978); see also *State* v. *Collins,* 176 Conn. 7, 9, 404 A.2d 871 (1978); *Blue* v. *Robin-*

---

[2] The defendant's plea of guilty was entered before Judge James F. McGrath on April 24, 1975. Owing to his retirement for health reasons, however, the finding was prepared by Judge Robert J. Callahan by order of this court upon the request of both parties. Because the finding was filed prior to July 1, 1979, the rules for the Supreme Court effective July 1, 1978, apply. Practice Book, 1978, § 3166.

*son*, 173 Conn. 360, 379, 377 A.2d 1108 (1977) (dissenting opinion, *Speziale, J.*) ; note, 9 Conn. L. Rev. 483, 487 (1977) ; cf. Practice Book, 1978, § 713.

The factual basis for the plea contained in the finding is essentially that the defendant and four others were in a house when undercover agents, as a result of a joint investigation by the United States Department of Justice and the state police, entered the premises and arrested "all the subject[s]." The court also found that "Cutler substantially agreed with the recitation of facts." A review of the transcript shows that the facts to which Cutler agreed at the time the plea was entered do not reveal all the elements of the crime charged.[3] More specifically, they do not reveal

[3] The transcript reveals that the following is the totality of the factual basis set forth at the time the guilty plea was entered.

"The Court: Do you understand the offense with which you are charged?

The Defendant: Yes.

The Court: And did you commit that crime?

The Defendant: Yes, I did.

The Court: All right. Mr. Flanagan, would you kindly relate the facts of this alleged offense?

Mr. Flanagan: Yes, your Honor. This was a joint investigation with the United States Department of Justice and the State Police. As a result of that investigation on December 30th, 1974, two undercover agents and an informant had occasion to be in Norwalk, Danbury and ultimately Brookfield, Connecticut, relative to the purchase of a large quantity of marihuana, between 100 and 500 pounds, what they were ultimately interested in buying, the undercover agents. The group of men, Michael Kondart, Michael Casillo, Steven Rudes, Mr. Cutler and William Eyler, were all in the dwelling where the seventy pounds of marihuana were, and just about at the time the sale was to occur, the agents entered the premises and arrested all subjects for their involvement in various degrees in the initial planning and ultimate consummation of this transaction.

The Court: All right. Now you have heard Mr. Flanagan recite the facts. Do you substantially agree with the statement of the State's Attorney?

The Defendant: Yes."

either the element of possession or the element of intent to sell or dispense. The plea, therefore, was not supported by a factual basis and, thus, was not knowingly and intelligently made. *State* v. *Marra,* supra, 340, 345; see also *State* v. *Battle,* 170 Conn. 469, 472, 365 A.2d 1100 (1976). The contrary conclusion by the trial court is inconsistent with the facts found and cannot stand.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.