STATE OF CONNECTICUT *v.* KENNETH W. STEAD

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued December 8, 1981—decision released February 9, 1982

*Norman E. Whitney,* for the appellant (defendant).

*Donald B. Caldwell,* state's attorney, for the appellee (state).

Shea, J. The defendant was found guilty by a jury of first degree robbery and third degree larceny. By this appeal he seeks ultimately to obtain appellate review of that conviction notwithstanding his failure to file an appeal within the time period set by Practice Book § 3007[1] or any extension thereof allowed by the trial judge pursuant to § 3097 (a).[2] The defendant claims that the trial court erred in denying his motion for an extension of time to file an appeal, in evaluating the merits of an appeal in ruling on his motion for an extension, and in appointing a special public defender to

---

[1] Practice Book § 3007 provides in part: "The party appealing shall, within twenty days, except where otherwise provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 3011 . . . ."

[2] Practice Book § 3097, entitled "EXTENSION OF TIME," provides in part: "(a) If an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal, except as may be otherwise provided in these rules."

prosecute the appeal other than his own counsel, who had defended him at trial and was willing to pursue the appeal without charge to the state. |We need not consider the last claim because it is moot in view of the representation made by counsel that he would handle the appeal as the attorney chosen by the defendant without any fee.

The chronology of events is as follows: A jury found the defendant guilty of first degree robbery; General Statutes § 53a-134 (a) (3);[3] and third degree larceny; General Statutes § 53a-124 (a) (1);[4] on October 17, 1979, and the court pronounced sentence on November 6, 1979. The defendant's trial counsel, Norman E. Whitney, had filed a premature notice of intent to appeal on October 17, the day the jury returned their guilty verdict. He timely moved for an extension to file an appeal on November 8. Twelve days later the defendant, through Whitney, filed an application on a standard form for waiver of fees, costs and expenses and appointment of counsel on appeal. The court granted the application on December 11, appointing Jonathan J. Kaplan as special public defender to prosecute the appeal. Kaplan filed a supplemental motion for an extension on behalf of the defendant on December 18, which the court granted, setting January 15, 1980, as the new deadline for filing an appeal. No appeal was filed by that date. At a hearing on the following day, Kaplan was granted permission to

[3] General Statutes § 53a-134 provides in pertinent part: "(a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . ."

[4] General Statutes § 53a-124 provides in pertinent part: "(a) A person is guilty of larceny in the third degree when: (1) The value of the property or service exceeds fifty dollars . . . ."

withdraw his appearance. This motion to withdraw stated that the defendant had requested that his trial attorney, Whitney, whose appearance was still in the file, act as his attorney in prosecuting the appeal. The defendant attended the hearing accompanied by Whitney who indicated that he intended to file an appeal for the defendant without being appointed as a special public defender. It was assumed that a motion for a further extension of time to appeal was pending, because the presiding judge, *J. Shea, J.,* referred such a motion to the trial judge, *Corrigan, J.* See Practice Book § 3097 (a). On January 18 the clerk's office sent a letter to Whitney informing him that there was no such motion in the file.

On January 25, Whitney filed a supplemental motion for an extension of time to file an appeal which the trial judge denied on February 11. On February 29, the defendant filed the following motions: (1) A motion for an extension of time to file an appeal from the denial of his previous motion for an extension; (2) a motion for a rehearing on his previous motion for an extension; and (3) a motion requesting disqualification of the judge. These motions were all denied on March 24. A fourth motion, filed with the others, for waiver of fees, costs and expenses on appeal from the denial of his motion for extension was granted.[5] The defendant has appealed from the denial of his first and second motions.

Although the defendant did not appeal from the denial of his motion to disqualify the trial judge,

[5] The court granted this motion "as to being heard on the denial of [the] motion for extension of time as to any Court fees to be charged."

one of the claims raised in his brief is that the judge allowed his views concerning the merits of the appeal to influence his decision upon the motions concerning an extension of time. It is not necessary for us to consider this issue because we have concluded that the trial judge had no power to grant the requested extension in any event.

Under Practice Book § 3097 (a), "[i]f an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal . . . ." See *State* v. *Brown,* 157 Conn. 398, 401, 254 A.2d 570 (1969). The trial judge's discretionary authority to grant an extension is limited, however, by subsection (c) (4) of § 3097, which provides that "[n]o motion under this rule shall be granted unless it is filed before the time for filing the appeal or subsequent paper has expired." See *More* v. *Urbano,* 150 Conn. 687, 688–89, 185 A.2d 475 (1962). The motion for an extension to file an appeal which is alleged to have been denied erroneously was made ten days after the time to appeal had expired. The trial judge in denying the motion took the only course available to him under § 3097 (c) (4).[6] The defendant's claim of error in this respect is without merit.

We also must comment upon the unorthodox procedure which the defendant has followed in bringing this matter before us lest we appear to be sanctioning it. Practice Book § 3107 provides expressly

---

[6] It should be noted that the trial court also is authorized to allow a late appeal, despite any rule or statute to the contrary, after a determination in a habeas corpus proceeding that a defendant has been deprived of a constitutional right of appeal. *Fredericks* v. *Reincke,* 152 Conn. 501, 503, 208 A.2d 756 (1965); see *State* v. *Brown,* 157 Conn. 398, 401–402, 254 A.2d 570 (1969).

that upon a written motion for review this court may "modify or vacate any order made by the trial court under Sec. 3097 (a), " the source of authority for the trial court to extend the time to appeal. No motion to dismiss this appeal based upon the availability of the more expeditious and less expensive review procedure was made by the state, a measure which would have brought the defendant's disregard of established procedure to light long before now. The delay of almost two years since the filing of this appeal was entirely unnecessary, since the same issues could have been presented by a motion for review. The outcome, of course, would have been no different from our conclusion regarding the merits of the appeal.

There was another course of action which the defendant could have pursued to obtain permission to file a late appeal. Rather than fruitlessly seek such permission from the trial judge, the defendant could have filed a motion in this court invoking our supervisory authority under § 3096. That section provides, inter alia, that "[t]he supervision and control of the proceedings on appeal shall be in the supreme court from the time the appeal is filed, *or earlier, if appropriate* . . . . The court may, on its own motion, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal." (Emphasis added.) Our general supervisory power over appeals referred to in § 3096 does not allow litigants to circumvent other rules of practice designed to promote judicial efficiency and justice. The peculiar facts of this case, however, make it a suitable candidate for the exercise of this power. Without having first filed a motion for a further extension, as the judge who acted upon his motion assumed, the public defender

was allowed to withdraw on January 16, the day after the expiration of the extended time to file the appeal. The lapse of the time to appeal while a change in appellate counsel was being made effectively deprived the defendant of his prospective appeal. The defendant's trial counsel had expressed his client's intention to appeal, and his own intention to serve as appellate counsel, and had timely filed for a waiver of costs and fees in November, 1980. It is clear that the defendant never waived his right of appeal and has become mired in a procedural bog largely created by his own counsel. This unusual set of circumstances prompts us to conclude that, under our supervisory authority as set forth in § 3096, we would have granted a timely motion for permission to file a late appeal seeking the exercise of that authority. Although the defendant has failed to file such a motion, he did file a motion in this court on February 3, 1981, seeking permission to file a late appeal pursuant to Practice Book § 3164 which authorizes this court to "suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion . . . ." There was, of course, no need to suspend the requirements of the rules but merely to follow those available to afford the necessary relief, viz., §§ 3096, 3098. The denial of that motion, filed almost one year after the trial court denied the same motion and while the present appeal was pending, does not preclude our consideration of the issue at this time. See *Breen* v. *Phelps,* 186 Conn. 86, 91, 439 A.2d 1066 (1982).

In order to extricate the defendant from his predicament, we have decided to reconsider the motion he filed requesting suspension of the rules under § 3164 and treat it as a motion seeking the

invocation of our supervisory authority under § 3096 to allow a late appeal. In that form, the motion is granted and an extension of twenty days from the date of this opinion is allowed within which the defendant may file an appeal from his conviction.

The only practical relief sought in this appeal has been obtained by our granting an extension of time to file an appeal from the judgment of conviction. For that reason and because of our conclusion that this appeal was improperly filed in view of the availability of the review procedure under § 3107, this appeal is dismissed.

In this opinion SPEZIALE, C. J., PETERS and PARSKEY, Js., concurred.

HEALEY, J., concurred in the result.