RONALD E. PAULSEN *v.* JOHN R. MANSON, COMMISSIONER OF CORRECTION, ET AL.
(12708)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and JACOBSON, Js.

Argued February 10—decision released May 19, 1987

*Kevin M. Doyle,* special assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney for the appellants (respondents).

*John D. Palermo,* certified legal intern, with whom, were *Todd D. Fernow* and, on the brief, *C. Frank Figliuzzi,* certified legal intern, for the appellee (petitioner).

SHEA, J. This is an appeal from the granting of a petition for a writ of habeas corpus by the Superior Court. The petition alleged that, because the record of the plea hearing failed to include a factual basis for the crime of assault in the first degree, the petitioner's plea of guilty to that offense was accepted in violation of his rights under the due process clause of the fourteenth amendment to the United States constitution. We find error in the conclusion of the habeas court that such a factual basis is a constitutional requisite to a valid guilty plea.

The petitioner, Ronald E. Paulsen, was arrested on June 25, 1976, after assisting David Collins in his escape from the federal penitentiary in Lewisberg, Pennsylvania. When the car driven by Collins, in which the petitioner was a passenger, was stopped by state trooper Philip Confer in Middlebury, Connecticut, shortly before the arrest, Collins shot and wounded Confer with a handgun that the petitioner had given Collins.

On July 6, 1976, the petitioner entered a plea of not guilty to each count of the substitute information, which charged him with attempted murder in violation of General Statutes (Rev. to 1975) §§ 53a-49 and 53a-54 and larceny in the second degree in violation of General Statutes (Rev. to 1975) § 53a-123. A second substitute information was subsequently filed, which added a third count of assault in the first degree in violation of General Statutes (Rev. to 1975) § 53a-59.[1] When the petitioner, on August 11, 1976, withdrew his prior pleas and entered a plea of guilty to the charge of assault in the first degree, the state entered a nolle prosequi of the remaining charges.

At the August 11, 1976 proceeding, after the petitioner had pleaded guilty, the following interchange occurred between the trial court, *Matzkin, J.,* the petitioner, and assistant state's attorney Walter Scanlon:

"The Court: Have you had an opportunity to discuss with [Raymond, J.] Quinn, your attorney, this particu-

[1] "[General Statutes (Rev. to 1975)] Sec. 53a-59. ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person. . . ."

lar offense that you are now being charged with and are you satisfied with his advice and assistance?

"Mr. Paulsen: Yes, I am.

"The Court: And, do you understand that by pleading guilty to assault in the first degree, you are admitting that you committed that particular offense with which you are charged in the information?

"Mr. Paulsen: Yes, I do.

"The Court: Have you been advised by Mr. Quinn of the maximum penalty provided by law for this particular offense?

"Mr. Paulsen: Yes, I have.

"The Court: Mr. Scanlon—listen to Mr. Scanlon give the Court a statement of the facts in this case. Please.

"Mr. Scanlon: Yes, your Honor. If your Honor please, he was accompanying one David Collins at approximately 11:35 p.m. on June 25, 1976, at or near the Middlebury–Southbury town line and Route I-84. They were stopped by the police officer as I mentioned, and the police officer was shot in the right arm by this man's companion, Collins. The police officer returned fire and subsequently apprehended them.

"The Court: You agree with that statement of facts, Mr. Paulsen, that Mr. Scanlon has just given to the Court?

"Mr. Paulsen: Yes, I do."

At the sentencing proceeding on September 10, 1976, Paulsen moved to withdraw his guilty plea, but his motion was denied. After sentence had been imposed, he obtained several extensions of time to file an appeal, but no appeal was actually filed by Paulsen, who at that time was proceeding pro se. Paulsen, on July 25, 1980, filed a petition for a writ of habeas corpus alleging that

the record of the plea proceeding was constitutionally inadequate to support his guilty plea on the charge of assault. The habeas court, *Hammer, J.,* rendered judgment for the state, dismissing the petition on the ground that the petitioner had not carried his burden of establishing that he had not deliberately bypassed the orderly procedure of direct appeal. In the appeal that followed, we vacated the judgment and remanded the case for further proceedings on the merits. *Paulsen* v. *Manson,* 193 Conn. 333, 476 A.2d 1057 (1984). By agreement of the parties, the court, *Satter, J.,* conducted the subsequent habeas corpus proceeding solely through review of the records of the plea, sentencing, and prior habeas proceedings. From the judgment granting the petition, the commissioner of correction and the warden of the correctional institution at Somers have appealed to this court.

At the outset we note that it is undisputed that the prosecutor's summation of facts at the plea proceeding was insufficient to satisfy the elements of the crime charged. Indeed, as the habeas court stated, that "statement of facts failed to implicate [the] petitioner in the commission of any crime at all . . . ." While the elements of the crime of assault in the first degree, as set forth in § 53a-59, include the intent to cause, and the causing of, serious physical injury by means of a dangerous weapon, the prosecutor's recitation merely placed the petitioner in the company of Collins, who shot the police officer who had stopped them. "One who is merely present when a crime is being committed by another is not necessarily a participant or accessory. *State* v. *Teart,* 170 Conn. 332, 336, 365 A.2d 1200 [1976] . . . ." *State* v. *Battle,* 170 Conn. 469, 474, 365 A.2d 1100 (1976).

The habeas court relied upon this court's rulings in *State* v. *Battle,* supra, *State* v. *Marra,* 174 Conn. 338, 387 A.2d 550 (1978), and *State* v. *Cutler,* 180 Conn. 702,

433 A.2d 988 (1980), in concluding that, because the petitioner's guilty plea had not been supported by an adequate factual basis, it had been procured in violation of due process requirements.[2] In *State* v. *Battle,* supra, 473, we noted that "[t]he entry of a plea of guilty waives the constitutional right to a trial by jury, the right to confront accusers, and the privilege against compulsory self-incrimination." A waiver is an intentional relinquishment or abandonment of a known right or privilege. *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *D'Amico* v. *Manson,* 193 Conn. 144, 147, 476 A.2d 543 (1984). " 'Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.' *McCarthy* v. *United States,* [394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969)]." *State* v. *Battle,* supra. The habeas court in the present case reasoned that a guilty plea not supported by an adequate factual basis cannot have been entered voluntarily and intelligently.

The United States Supreme Court has delineated standards determinative of the constitutional validity of a plea of guilty. The underlying premise has been indicated in the preceding paragraph. Because a guilty plea "is itself a conviction"; *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *Kercheval* v. *United States,* 274 U.S. 220, 223, 47 S. Ct. 582, 71 L. Ed. 1009 (1927); entailing the simultaneous waiver by a defendant of several constitutional rights, the plea must be entered voluntarily and intelligently.

[2] As the court noted, the petitioner properly did not challenge the acceptance of his guilty plea upon the basis of Practice Book § 713, which provides that "[t]he judicial authority shall not accept a plea of guilty unless he is satisfied that there is a factual basis for the plea." The petitioner entered his guilty plea on August 11, 1976, whereas Practice Book, 1963, § 2124, which was the predecessor of § 713, did not become effective until October 1, 1976. Cf. General Statutes § 1-1 (u); see generally *Blue* v. *Robinson,* 173 Conn. 360, 373–74, 377 A.2d 1108 (1977).

*Boykin* v. *Alabama,* supra; *McCarthy* v. *United States,* supra. "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. "And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' *Smith* v. *O'Grady,* 312 U.S. 329, 334 [61 S. Ct. 572, 85 L. Ed. 859 (1941)]." *Henderson* v. *Morgan,* 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976).

From these holdings, this court has attempted to extrapolate a position on the issue of whether a factual basis is a requisite to the validity of a guilty plea under the federal constitution. We noted in *State* v. *Deboben,* 187 Conn. 469, 475 n.4, 446 A.2d 828 (1982), that "it is not at all clear that such proof is constitutionally mandated." We asserted, nevertheless, in *State* v. *Eason,* 192 Conn. 37, 43, 470 A.2d 688 (1984), that "[i]n order for a plea of guilty to be constitutionally valid, the record must affirmatively disclose that there is a factual basis for the plea and that the defendant entered the plea voluntarily and intelligently." See also *State* v. *Cutler,* supra, 705 ("[t]he plea, therefore, was not supported by a factual basis and, thus, was not knowingly and intelligently made"); *State* v. *Marra,* supra, 340 ("[t]he plea must be supported by a factual basis").

Recent federal case law, however, has provided a clarifying interpretation of due process requirements that is not in accord with that posited by this court in *State* v. *Eason.* The Court of Appeals for the Fifth Circuit said in *Hobbs* v. *Blackburn,* 752 F.2d 1079, 1082 (5th Cir. 1985): "The state court is under no constitu-

tionally imposed duty to establish a factual basis for a guilty plea prior to its acceptance unless 'the state judge is put on notice that there may be some need for such an inquiry . . . .' *Banks* v. *McGougan,* 717 F.2d 186, 188 (5th Cir. 1983).'' The Court of Appeals for the Second Circuit in *Willbright* v. *Smith,* 745 F.2d 779, 780 (2d Cir. 1984), maintained that ''[t]he voluntariness of a plea of guilty . . . should be determined by considering all of the relevant circumstances. *Brady* v. *United States,* 397 U.S. 742, 749, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970). A factual basis inquiry . . . is merely one way of satisfying the constitutional requirement that a plea be voluntary and intelligent. *Wade* v. *Coiner,* 468 F.2d 1059, 1060 (4th Cir. 1972). Moreover, due process does not mandate a factual basis inquiry by state courts.'' See also *Wallace* v. *Turner,* 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield* v. *Solem,* 565 F.2d 1018, 1028 (8th Cir. 1977), cert. denied, 435 U.S. 954, 98 S. Ct. 1585, 55 L. Ed. 2d 805 (1978); *Edwards* v. *Garrison,* 529 F.2d 1374, 1376 (4th Cir. 1975), cert. denied, 424 U.S. 950, 96 S. Ct. 1421, 47 L. Ed. 2d 355 (1976); *Roddy* v. *Black,* 516 F.2d 1380, 1385 (6th Cir.), cert. denied, 423 U.S. 917, 96 S. Ct. 226, 46 L. Ed. 2d 147 (1975); *Freeman* v. *Page,* 443 F.2d 493, 497 (10th Cir.), cert. denied, 404 U.S. 1006, 92 S. Ct. 569, 30 L. Ed. 2d 554 (1971).

In light of these federal precedents, we conclude that the habeas court erred in holding that ''a plea not supported by an adequate factual basis is obtained in violation of due process and is, therefore, void.'' To the extent that *Eason, Cutler, Marra* and *Battle* hold to the contrary, they are overruled.

At the initial habeas corpus hearings before Judge Hammer, the state's attorney attempted to question the petitioner's trial counsel about certain matters extrinsic to the plea proceeding in order ''to get some background . . . on the mental state of the petitioner

regarding the entrance of the plea . . . ." The petitioner's habeas counsel objected that "the question before the court . . . is whether the record itself at the plea proceeding is sufficient as a matter of constitutional law to enable the court to make a finding on that record that the plea is voluntary and intelligent. . . . There is no propriety to go beyond the record and to make an exploration as to whether the person in fact had some kind of a basis for understanding what the law was when the court had failed to address him personally on that subject." The petitioner's counsel continued to assert that the claim of an inadequate factual basis upon the record of the plea proceeding is the issue "raised by the petition. We are limited by our claims on our petition." The court sustained the objection with respect to evidence of the sentencing hearing, which occurred subsequent to the plea proceeding, while allowing evidence of communications occurring prior to the proceeding for the limited purpose of revealing the petitioner's attitude and motive in regard to his sentencing.

Although it is true that the petition raised solely the claim that the inadequate factual basis upon the record of the plea proceeding vitiated the petitioner's guilty plea, the memoranda filed by the petitioner at the second habeas corpus hearing before Judge Satter, as well as the transcript of the first hearing before Judge Hammer, establish that the underlying issue was whether the guilty plea had been entered voluntarily and intelligently. Because the habeas court, *Satter, J.,* concluded that the disposition of the case required only an inquiry into the adequacy of the factual basis of the plea, we deem this fundamental issue of voluntariness to be unresolved. Although ordinarily a complainant may prevail only upon the grounds that he has alleged; *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 234, 244, 520 A.2d 1008 (1987); *Lamb* v. *Burns,* 202 Conn.

158, 172, 520 A.2d 190 (1987); we have examined allegations that are necessarily implied, even though not expressly set forth, in a complaint. See *State Medical Society* v. *Board of Examiners in Podiatry,* 203 Conn. 295, 303, 524 A.2d 636 (1987); *Lamb* v. *Burns,* supra; *Trichilo* v. *Trichilo,* 190 Conn. 774, 779, 462 A.2d 1048 (1983). We have furthermore relied upon our supervisory authority as enunciated in Practice Book § 4183 (formerly § 3096) in permitting a criminal defendant to engage in further proceedings when the actions of his counsel may technically have foreclosed such an option. See *State* v. *Stead,* 186 Conn. 222, 228, 440 A.2d 299 (1982).

In accordance with these considerations, we remand this case to the habeas court for further proceedings on the issue of whether the petitioner entered his plea of guilty voluntarily and intelligently. We recognize that "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson* v. *Morgan,* supra, 647. Nevertheless, we do not view the circumstances of the present case as warranting such a presumption.[3] See *State* v. *Childree,* 189 Conn. 114, 123–24, 454 A.2d 1274 (1983). Although the petitioner averred upon entering his plea that he had an opportunity to discuss the offense with his attorney, we

---

[3] It must be emphasized that Practice Book § 713 now requires a factual basis as a precondition to the acceptance of a guilty plea. See footnote 2, supra. Section 713 was adopted in response to the holding of the United States Supreme Court in *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), that the record should disclose "an affirmative showing" that the guilty plea was intelligent and voluntary. See *Blue* v. *Robinson,* 173 Conn. 360, 373, 377 A.2d 1108 (1977). Thus, the mere fact that a defendant has conferred with his counsel could not currently be deemed to be a sufficient indicator that his guilty plea has been entered voluntarily and intelligently. Under the rule, the minimum requirement of a factual basis on the record must also be satisfied.

decline to assume that the petitioner was thereby referring to an explanation by his counsel of the elements of assault in the first degree.

There is error, the judgment is set aside and the case is remanded to the habeas court for further proceedings.

In this opinion the other justices concurred.