[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #133
On May 24, 1991, the plaintiff, Roy Lenz, filed a second amended complaint against the defendant, CNA Assurance Company of Connecticut.
The plaintiff alleges in a single count as follows:
In December, 1987, while in the course of employment with the Canteen Corporation, the plaintiff was injured. At the time of the injury, he was concurrently employed elsewhere. The defendant, as Canteen Corporation's workers' compensation carrier, and the plaintiff orally agreed to compensation for both jobs, presumably pursuant to General Statutes 31-310, which provides for concurrent employment payments from the second injury fund.
From January 6, 1989 through March 3, 1991, the defendant unilaterally stopped that portion of payment attributable to concurrent employment, contrary to the provisions of General Statutes 31-296a. Section 31-296a prohibits discontinuance or reduction of payments under oral agreements to a still incapacitated recipient without the approval of the commissioner of workers' compensation.
The plaintiff further alleges that the defendant's violation of 31-296a constitutes a Connecticut Unfair Trade Practices Act ("CUTPA") violation, in that the defendant's actions were unfair or deceptive. Plaintiff further alleges emotional distress, and violation of other unspecified rights.
The plaintiff claims monetary and punitive damages, attorney's fees, and injunctive relief.
On September 16, 1991, the defendant filed this motion to strike the entire complaint for failing to state a "cause of action" upon which relief can be granted in that: (1) under Mead v. Burns, 199 Conn. 651, 509 A.2d 11 (1986), a CUTPA claim may only be brought against an insurer if based upon a Connecticut Unfair Insurance Practices Act ("CUIPA") violation; and (2) the Workers' Compensation Act, specifically 31-300, provides the plaintiff's exclusive remedy, and thus the defendant is immune from suit. CT Page 9602
The defendant also filed a memorandum of law in support of its motion, and the plaintiff has filed a memorandum in opposition.
 The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985). The court must construe the facts in the complaint most favorably to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1980).
Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
As to defendants exclusivity argument, the Workers' Compensation Act is not the plaintiff's exclusive remedy when alleging wrongful and intentional reduction or termination of benefits. See Carpentino v. Transport Ins. Co., 609 F. Sup. 556,560-64 (D.Conn. 1985).
As to defendant's second argument, i.e. the CUTPA violation claim, the defendant's reliance on Mead v. Burns, supra, is misplaced. In Mead, the plaintiff alleged a CUIPA violation, and claimed that such a violation constituted a CUTPA violation as well. Id., 653.
In the present case, the plaintiff bases his CUTPA claim upon an alleged violation of C.G.S. 31-296a, i.e. the discontinuance of payments under oral agreement to an incapacitated recipient without approval of the Workman's Compensation Commissioner.
In Mead, supra, the supreme court stated that although "CUTPA may authorize a cause of action that builds upon the public policy embodied in specific statutory provisions, such a CUTPA claim must be consistent with the regulatory principles established by the underlying statutes." Id., 665. Therefore, contrary to the defendant's contention, in order for the plaintiff's CUTPA claim to withstand a motion to strike, it must be consistent with 31-296a.
Section 31-296a provides, in pertinent part:
 No employer shall discontinue or reduce payment on account of total or partial incapacity under any oral agreement. . .if it is claimed by or on behalf of the injured person that his incapacity still continues, unless such employer notifies the commissioner and the CT Page 9603 employee of the proposed discontinuance or reduction in the manner prescribed in section 31-296 and the commissioner specifically approves such discontinuance or reduction in writing.
Although the Connecticut Supreme Court has "examined allegations that are necessarily implied, even though not expressly set forth, in a complaint;" Paulsen v. Mann, 203 Conn. 484, 493,525 A.2d 1315 (1987); "ordinarily a complaint may prevail only upon the grounds he has alleged. . . ." Id., 492. See also Senior v. Hope,156 Conn. 92, 98, 239 A.2d 486 (1968). The burden is on the plaintiff to allege facts to bring his action within the requirements of a statute.
The plaintiff has alleged that there was an oral agreement for workers' compensation, and that a portion was unilaterally stopped. The plaintiff has not alleged that his incapacity still continued at the time a portion of the payment was stopped; nor has the plaintiff alleged lack of notice of the discontinuance or that the commissioner failed to approve the discontinuance or reduction.
By failing to allege essential elements of 31-296a, the plaintiff has not made his CUTPA claim consistent with the regulatory principles of that statute. Accordingly, the defendant's motion to strike is granted on this ground.
Maiocco, J.