This habeas corpus petitioner has briefed three claims upon which he bases his prayer for relief that his guilty plea to an escape charge be vacated.
FACTS
The factual circumstances leading up to this proceeding may be summarized as follows. The petitioner was convicted of the crimes of escape from custody in violation of 53a-171 of the C.G.S. and possession of weapons in a motor vehicle, in violation of 29-38. He was later transferred to the Supervised Home Release Program (hereinafter referred to as "SHR").
On April 18, 1990, the petitioner executed a Corrections Department form entitled "Conditions of Community Residence." This form stated in part that "I agree that failure to report to my assigned supervisor as directed will be regarded as the crime of escape."
On August 28, 1990, the petitioner made his last appearance at the parole office, and on October 24, 1990, the parole officer decided to charge him with escape from custody.
The petitioner offered his version of these failures to report, suggesting the parole officer was in error and that he had not been ordered to report in person.
I.
In a habeas corpus proceeding, the petitioner is required to allege and prove that he did not deliberately bypass the opportunity to take an appeal. Nardini v. Manson, 207 Conn. 118, 123
(1988). In this matter, the petitioner was not advised of his right to appeal. The court therefore finds that he did not deliberately bypass the orderly procedure of a direct appeal.
II.
The petitioner has briefed the claim that 53a-169 is void for vagueness. The court notes that his petition contains no such claim as to this statute and therefore it should not be considered by the court. Actually, the petitioner's other attack on this same CT Page 5493 statute as set forth in his petition is at variance with this claim, and there was evidence offered to support the other theory. The court does not find merit to this claim, noting parenthetically that as statutes go, it is a model of simplicity and clarity.
III.
The petitioner also argues that since 53a-169 contains no language that a failure to report to a parole officer is an escape, his due process rights have been violated. He relies in great part on our Supreme Court's decision in State v. Lubus, 216 Conn. 402
(1990). In so doing, however, he overlooks the language of the Supreme Court at page 409:
 The unifying overall theme of Sec. 53a-169 is that an individual will risk punishment for `escape' for an unauthorized departure from, or failure to return to, whatever may be designated as his plan of incarceration on confinement.
The Court goes on to conclude that a single failure to report cannot reasonably be construed as an unauthorized departure or failure to return. It also notes this, however:
 We need not decide today whether, at some juncture, repeated failures to report as scheduled would reasonably support an inference of present or imminent custodial irregularity and thus evidence a violation of Sec. 53a-169 (a)(2).
The Court would appear to have had cases such as this one in mind when it decided the Lubus case and this court finds nothing in that case to support the petitioner's position.
IV.
The petitioner also argues that the plea canvass was deficient in that the judge who accepted his guilty plea did not determine that he understood the nature of the offense to which he pleaded and that he was aware of the consequences of the plea.
While the plea canvass was not in conformity with 711 of the Practice Book, this does not automatically permit the petitioner to vacate his guilty plea. The right to vacate only follows a further finding of prejudice to the petitioner as a result of the faulty canvass. D'Amico v. Manson, 193 Conn. 144 (1984).
The petitioner signed a Community Residence Agreement with his parole officer on April 18, 1990. That document indicated that a failure to report would be considered an escape. In addition, prior to the acceptance of the plea, the state's attorney recited the factual basis for the plea. In the course of his narration, he CT Page 5494 stated the dates which were pertinent and explained what acts led to the charge of escape.
Then, in the canvass, the petitioner waived his rights to a court or jury trial with the assistance of counsel, indicated the plea was voluntary, and stated he was aware of the sentence he would receive.
It appears clear that the recitation of the facts, coupled with his prior agreement to report, and the canvass, combined to give this petitioner notice of the nature of the offense and his agreement with the sentence he would receive. It should be noted also that this petitioner was not a total stranger to escape charges, as a conviction of 53a-171, escape from custody, was one of the charges on which he was paroled.
Our courts are under no constitutionally-imposed duty to establish a factual basis for a guilty plea prior to its acceptance unless the judge is put on notice that there may be some need for such an inquiry. Parker v. Manson, 203 Conn. 484, 490-91 (1987).
The simple, plain, unadorned truth is and was that Mr. Thompson dropped out of sight and failed to report to his parole officer on several occasions. He could not be located. There was nothing about this simple scenario to indicate to the judge who accepted the plea that some further inquiry was appropriate.
The petitioner in his brief has made a legal attack on 53a-169
and argued as to its applicability to the petitioner's action. However, it is doubtful at best that had the court read the statute or discussed it, the petitioner would have decided not to plead to it. He knew nothing of the Lubus decision on which the legal attack in his brief relies. The petitioner had no alternative but to plead to the charge. He has demonstrated no prejudice thereby and his attack on the plea canvass must fail.
V.
The petitioner's prayers for relief are denied.
[EDITORS' NOTE: CT Page 5495 to 9497 are blank.] CT Page 5498