[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this appeal from the assessment of damages and benefits by the Commissioner of Transportation by the plaintiffs, Cecelia Gasparri and Eugene Gasparri, the plaintiffs allege that the defendant found the premises of the plaintiff as described in their appeal necessary for the layout, alteration, extension, widening, change of grade or improvements of the state highway commonly known as Harpers Ferry Road and appraised as damages the sum of $164,000.00. The plaintiffs alleged that they were aggrieved by the assessment because it was inadequate. This was denied by the defendant. The plaintiffs' motion for the payment of the deposit to the plaintiffs was granted by the Court (McDonald, J.) and the matter was transferred to the undersigned by the Superior Court on 5/5/93 by the court (Pellegrino, J.). The matter was heard by the undersigned State Trial Referee on May 18, 1993.
The court heard three witnesses, (1) Ralph Biondi, the plaintiff's appraiser, (2) plaintiff, Eugene Gasparri, and (3) Linda McQuillan, the defendant's real estate appraiser. Subsequent to the hearing, the court visited the area of Harpers Ferry Road and viewed the property.
The plaintiff's real estate appraiser, Ralph Biondi, indicated that the residential use of the property was not appropriate and that there was a high probability of a zoning change to a commercial zone. He stated that the property was serviced by electricity, telephone and water, but that it does not have sewer facilities. There is a sewer pump station located across the street from the property below the level of the highway, but higher than the pond. He was of the opinion that it would take several thousand dollars to connect to the sewer facilities. He used the income approach to evaluate the value of the plaintiff's property. The property abutting the plaintiff's property consisting of 3.39 acres was sold on June 4, 1991, for the price of $325,000. This property was situated in a CA (Commercial Arterial Zone) (Plaintiff's Exhibit E, Pg. 24 — Land Sale #1). Mr. Biondi appraised the property in question in the instant action as if it had been located in a CA zone. He stated that the building located on the property was functionally inferior, that the CT Page 5550 changes in zone of the abutting property and other properties located down the street indicated clear evidence of a zone change in the area from residential to CA zone. He admitted that there is always a probability that it would be denied and that some premium would have to be paid for that probability. His valuation of the plaintiff's property was as set forth in his appraisal report, $250,000.00.
In the plaintiff's answers to the defendant's interrogatories, the plaintiff admitted that no permits had been applied for on this property and none were denied. The plaintiff also stated that their plans for the subject premises as of July 7, 1992, consisted of long term holding of the subject property for capital appreciation, income and future development. The plaintiff stated that they were contemplating utilizing the premises for commercial purposes in connection with Eugene Gasparri's ongoing business activities, but that he had no specific plans of development for the location.
The defendant's real estate expert valued the subject property to be $164,000. She placed the value on the home and lot at $120,000 and $44,000 on the two additional lots that could be separated from the house lot. She did indicate that there was probability of a change of zone on the property, but she indicated that there was not a great deal of interest in commercial property in the area. In the appraisal report submitted by her, however, she did indicate that the chance of a change in zone was not likely and that she didn't see the feasibility of a zone change for the subject property. In her testimony at trial, she stated that the property below the plaintiff's was a predominant commercial area. She stated that the highest and best use of the property to be residential use.
After a review of the evidence and the viewing of the premises in question, the undersigned Committee considers that the highest and best use of the property in question to be a commercial use with a high probability of a zone change in view of the character of the neighborhood and the changes of zone along Harpers Ferry Road in the recent past.
The plaintiff indicated a reluctance to sell the property. Whether this was due to his emotional attachment to the family home or his need for it for commercial uses in conjunction with his other business enterprises, the court need not speculate. CT Page 5551
The true issue is not the value of the property for the use which would be permitted if a change in zone was made, but the value of the property as zoned at the time of the taking as it is affected by the probability of a change. Budney v. Ives,156 Conn. 83, 89. See Green v. Barnes, 221 Conn. 736, 745.
The question of the highest and best use of the property and the reasonable probability for a zone change are questions of fact for the trier. Stamford Apartments Co. v. Stamford, 203 Conn. 486,592.
After a review of the factual situations set forth above, the undersigned is of the opinion that the fair market value of the subject property to be $185,000 as of the date of taking.
O'BRIEN, STR