[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner commenced this matter by filing an application for Writ of Habeas Corpus on October 2, 1997. The petitioner then filed an amended petition on October 20, 1997. The respondent filed her return on October 28, 1997. A hearing on the petition was held on October 28, 1997. The hearing consisted of oral arguments without testimony. The petitioner was arrested on August 10, 1991 and charged with Assault in the First Degree in violation of General Statutes § 53a-59. On February 4, 1992 the petitioner entered a guilty plea to the aforementioned criminal offense. He was sentenced on the same day as his plea and received a sentence of ten years incarceration execution suspended five years probation. That sentence is now terminated. On May 28, 1997 the petitioner was arrested in West Haven, Connecticut for a federal narcotics offense. As a result he has been incarcerated since that date awaiting trial which is to commence in the near future. The petitioner's attorney stated to the court that the Federal Prosecutors are trying the petitioner as a "career offender" because of his past criminal record including his plea of guilty on February 4, 1992. As a career offender the petitioner could receive a sentence in the Federal Court if he is found guilty of the pending charges of from 360 months to a life sentence.
The petitioner alleges that his guilty plea was defective and in violation of the United States and Connecticut Constitutions, the Practice Book requirements and Connecticut state law because the plea was not voluntarily and intelligently entered in that:
i. The petitioner did not understand all of the essential CT Page 12240 elements of the specific crime to which he entered a plea of guilty;
 ii. The specific subsection of 53a-59 to which the petitioner entered his plea was not set forth;
 iii. The prosecution did not state, in setting forth the factual basis of the plea, all of the elements of the offense to which the petitioner entered his plea, in particular, the element of intent; and
 iv. The petitioner was not advised by counsel of all of the essential elements of the crime to which he pleaded guilty, in particular the element of intent. The petitioner now seeks to have his aforementioned conviction vacated. Set forth below are pertinent portions of the petitioner's plea canvass.
 MR. KELLY: Mr. Ramirez — prior pleas and elections withdrawn?
MR. KRASNOW: Yes, prior plea is withdrawn.
THE COURT: Counsel for the victim here?
 MS. FARCUS: Yes, your Honor. I'm Attorney Joan Farcus, F-a-r-c-u-s, and I'm here representing the victim.
 MR. KELLY: Mr. Ramirez, you're charged with assault in the first degree, in violation of 53a-59, what is your plea?
Whereupon there was an inaudible response due to the noise in the courtroom
MR. KELLY: Did he plead to that?
Whereupon Mr. Kelly put defendant to plea again
 MR. KELLY: Assault in the first degree, in violation of 53a-59, what is your plea, guilty or not guilty?
MR. RAMIREZ: Uh, guilty.
 MR. KELLY: This is an incident that occurred on August 10, 1991, your Honor, in which Mr. Ramirez got into an CT Page 12241 altercation with the victim, there were several confrontations between Mr. Ramirez and the victim in the case, at which point, Mr. Ramirez, in the final confrontation, took out a weapon, a gun, and fired it at the victim in the case, Mr. Pommills, and he suffered injury, your Honor. He had to be transported to the hospital for the gunshot wound. Recommendation, your Honor, is ten years execution, five years probation. Special conditions, reimbursement for all medicals, no violence to the victim of the victim's family, possess no weapons, drug treatment and evaluation as deemed appropriate by probation. Additionally, your Honor, I'd ask the Court to terminate the prior probation.
 THE COURT: Mr. Ramirez, did you plea guilty freely and voluntarily today, sir, and not as a result of any threats or promises in any way?
Whereupon there was no verbal response from the defendant
 THE COURT: Did you plead guilty freely and voluntarily and not as a result of any threats or promises in any way?
MR. RAMIREZ: Yes.
 THE COURT: Are you satisfied with the advice you received from your lawyer and you had an adequate opportunity to review this file with him?
MR. RAMIREZ: Yes.
 THE COURT: You have to answer out loud to every question, sir.
MR. KRASNOW: You have to answer loud, otherwise the —
MR. RAMIREZ Yes, sir.
another portion is as follows:
MR. RAMIREZ: Yes, sir.
 THE COURT: No, in addition to that, have you had the opportunity to review with your attorney the essential elements of this crime which the State would have to prove CT Page 12242 beyond a reasonable doubt in order to convict you of it?
MR. RAMIREZ: Yes, sir.
 THE COURT: Do you have any questions about the charges themselves?
MR. RAMIREZ: No, sir.
THE COURT: No, sir? I can't hear you.
MR. RAMIREZ: No, sir.
The petitioner cites the case of the State of Connecticut v.Luis Alicea, 41 Conn. App. 47 (1996), to substantiate his position that this court should grant his habeas writ. In that case the Appellate Court found that the trial court failed to determine whether the defendant understood the essential elements of the crime of failure to appear after having canvassed him in such a manner that it was likely that he did not understand that the state was required to prove that he had wilfully failed to appear. The Appellate Court found that the plea of guilty was not knowingly and voluntarily entered and that the trial court improperly denied the defendant's motion to withdraw his plea.Ibid. In that case the following colloquy took place during the plea canvass:
 "The Court: Have you had enough time to discuss this case with your two lawyers, Mr. Johnson and [Ms.] Rodriguez-Schack?
"The Defendant: Yes.
 "The Court: Did they discuss with you the evidence the state claims it has against you?
"The Defendant: Yes, ma'am.
 "The Court: Did they discuss with you the evidence the state would have to have in order to get a conviction at trial beyond a reasonable doubt? That's called the elements of the offense, and it is that evidence which the prosecutor just recited.
"The Defendant: Yes, ma'am. CT Page 12243
 "The Court: Are you satisfied with the representation you've received from your lawyers?
"The Defendant: Yes, ma'am." (Emphasis added.)
IBID.51
In that case the court stated that the presumption that defense counsel has explained the elements of the offense to the defendant arises only in limited circumstances where the record clearly supports that presumption. (Citations omitted). We will not simply "presume that counsel has effectively informed his client of the elements of the offense when the record does not affirmatively disclose an adequate basis for that conclusion. `Our rules of practice prescribe a detailed procedure for acceptance of a guilty plea. . . . Practice Book § 712-713. Where the record fails to disclose substantial compliance with this procedure, to cure the omission by resorting to a presumption that counsel has performed a duty of the court would be inconsistent with the principle that the necessary elements for an effective guilty plea must appear in the record. (Citations omitted). Id 57.
The pertinent Connecticut Practice Book provisions read as follows:
Sec. 712. — Insuring That the Plea Is Voluntary
 The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his counsel.
 Sec. 713. — Factual Basis
 The judicial authority shall not accept a plea of guilty unless he is satisfied that there is a factual basis for the plea. CT Page 12244
In the matter of Oppel v. Lopes, 200 Conn. 553, a case which is similar to this case the following colloquy took place:
 "The Court: Do you understand the offense of murder with which you are being charged?
"Mr. Oppel: Yes, your Honor.
 "The Court: I assume your attorney has explained the essential elements of this crime; is that correct?
"Mr. Oppel: Yes, your Honor."
Ibid. 557 N3.
That court stated that although the record does not indicate whether or not the indictment was read to the petitioner in open court, the trial court did ask the petitioner whether he had discussed the crime as charged in the indictment. The following colloquy took place:
 "The Court: Have you discussed with your attorney . . . the crime of murder that has been charged in the indictment against you and your plea of guilty thereto?
"Mr. Oppel: Yes, your Honor.
Ibid. 558 N4.
The trial judge in this case asked the petitioner if he had the opportunity to review with your attorney the essential elements of this crime which the state would have to prove beyond a reasonable doubt in order to convict you. The petitioner answered "Yes, sir." Further on page 2 of the transcript the facts of the case were clearly set out on the record. Those facts set forth the elements necessary to convict a person under General Statutes §§ 53a-59 (a)(1), 53a-59 (a)(2) or 53a-59
(a)(3). The facts as set forth on the record at the time of the petitioner's plea certainly informed him of the nature of the crime to which he plead guilty. Due Process does not mandate a factual basis inquiry by state courts. Paulsen v. Manson,203 Conn. 484, 491 (1987). A factual basis inquiry . . . is merely one way of satisfying the constitutional requirement that a plea be voluntary and intelligent. The voluntariness of a plea of guilty . . . should be determined by considering all of the CT Page 12245 relevant circumstances. Ibid.
In this matter the court finds that the petitioner's plea was voluntary and made with a full understanding of the facts and consequences of the plea. Such findings were also made by the trial judge.
The petitioner has failed to sustain his burden of proof that his plea of guilty on February 4, 1992 should be vacated.
For all of the above reasons the court denies the petitioner's Writ for a Petition of Habeas Corpus.
William J. Sullivan, Judge