## STATE OF CONNECTICUT *v.* KEVIN PINETTE
(AC 17367)

O'Connell, C. J., and Foti and Spear, Js.

Argued December 2, 1998—officially released February 23, 1999

*Norman Pattis*, with whom, on the brief, was *John R. Williams*, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Edward R. Narus*, senior assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, rendered following the denial of his motion to withdraw his guilty plea, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-48[1] and 53a-59 (a) (1). The defendant claims that his guilty plea was invalid because it was obtained in violation of Practice Book §§ 39-19 and 39-26,[2] formerly §§ 711 and 720,

---

[1] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[2] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

and also in violation of the fifth amendment to the United States constitution. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of this appeal. During the early morning hours of September 4, 1995, the defendant, accompanied by other individuals, engaged in a verbal and physical altercation with the victim.[3] During the altercation, the defendant yelled racial epithets at the victim. At some point, the

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

[3] The defendant was accompanied by three men in the car; however, only the defendant and two others participated in the assault.

defendant produced a knife and stabbed the victim in the abdomen, back and arm. During the assault, bystanders shouted at the assailants that they were going to call the police, to which one of the attackers replied, "Mind your own business." Shortly thereafter, the assault stopped and the assailants dispersed. Additional facts are included as necessary in our analysis of this claim.

Before accepting the defendant's plea, the trial court canvassed the defendant,[4] asking him whether his counsel had discussed what the nature of the charges were, what the state would have to prove and whether he understood the charges and the elements involved.

---

[4] The following is an excerpt from the court's plea canvass:

"The Court: Have you had enough time to discuss this case with your lawyer?

"The Defendant: Yes.

"The Court: Did he discuss with you the evidence the state would be required to present at trial in order to get a conviction beyond a reasonable doubt? That's called the elements of the offense.

"The Defendant: Yes.

"The Court: Did he discuss the nature of the charges against you?

"The Defendant: Yes.

"The Court: Do you understand the nature of the charges against you?

"The Defendant: Yes."

After questioning the defendant's counsel as to his discussions with the defendant, the following colloquy ensued:

"The Court: Mr. Pinette, do you understand you do not have to plead guilty? You have the right to continue to plead not guilty and force the state to prove you guilty at a trial beyond a reasonable doubt. Do you understand that, sir?

"The Defendant: Yes.

"The Court: Do you understand what the maximum penalty for these offenses could have been had you gone to trial and been convicted? Conspiracy to commit assault in the first degree: twenty years in jail and a $15,000 fine. Assault in the first degree: twenty years in jail and a $15,000 fine. And the judge could have added those up together for a total effective sentence of forty years in jail and a $30,000 fine. Do you understand that, sir?

"The Defendant: Yes.

"The Court: Five years mandatory minimum. Do you understand that, sir? On each count. Do you understand that?

"The Defendant: Yes."

Additionally, the court determined that the defendant understood the maximum and minimum sentences for each crime and that he knowingly and voluntarily gave up his right to a trial. The trial court accepted the plea, finding that it was knowingly and voluntarily made with the assistance of competent counsel.

Prior to sentencing, the defendant filed a motion to withdraw his guilty plea on the ground that it was accepted without substantial compliance with Practice Book §§ 39-19 and 39-26. More specifically, the defendant claims that his plea was accepted when there was no factual basis for it in violation of Practice Book § 39-27 (5). The defendant claims that the plea canvass provided inadequate notice of the elements and facts of the offenses, and, therefore, prevented him from knowingly and voluntarily waiving his constitutional right to a trial. We are not persuaded.

"[O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears [that] there has been [an] abuse of discretion." (Internal quotation marks omitted.) *State* v. *Spence*, 29 Conn. App. 359, 363, 614 A.2d 864 (1992). "[F]or a plea of guilty to be constitutionally valid, the record must affirmatively disclose that there is a factual basis for the plea and that the defendant entered the plea voluntarily and intelligently." *State* v. *Eason*, 192 Conn. 37, 43, 470 A.2d 688 (1984); but see *Paulsen* v. *Manson*, 203 Conn. 484, 491, 525 A.2d 1315 (1987) (factual basis inquiry one way of satisfying constitutional requirement).

I

The defendant first argues that the evidence was insufficient to establish a factual basis for a guilty plea to the conspiracy charge and, therefore, the denial of the defendant's motion to withdraw was in violation of

Practice Book §§ 39-26 and 39-27.[5] More specifically, he claims that from the facts stated, the trial court could not conclude that there was an agreement between the defendant and others to commit an assault.

It is well established law that a guilty plea is in effect a conviction and the plea must be supported by a factual basis. *State* v. *Battle,* 170 Conn. 469, 475, 365 A.2d 1100 (1976) but see *Paulsen* v. *Manson,* supra, 203 Conn. 491. Such a factual basis is absent when the recited facts reveal less than all the elements of the crime charged. Id., 472. In the present case, as in *Battle,* a recitation of the facts read by the prosecutor provided the defendant with "real notice" of the nature of the charge. The record reflects that the defendant and three others drove past the victim in their car, later circled around and drove back to where the victim was walking. The car stopped, the defendant and two other men exited the car at the same time and approached the victim. The three men assaulted the victim and yelled racial slurs at him. A neighbor saw the assault and threatened to call the police, at which time one of the assailants told the neighbor to mind his own business. Shortly thereafter, the three men returned to their car and drove away.

"[T]he requisite agreement or confederation may be inferred from proof of the separate acts of the individuals accused as coconspirators and from the circumstances surrounding the commission of these acts." (Internal quotation marks omitted.) *State* v. *Bova,* 240 Conn. 210, 245–46, 690 A.2d 1370 (1997). Because of the secret nature of conspiracies, a conviction is usually based on circumstantial evidence. *State* v. *Vessichio,* 197 Conn. 644, 656, 500 A.2d 1311 (1985), cert. denied, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1986). It is enough if the facts show that the conspirators are

---

[5] See footnote 2.

"knowingly engaged in a mutual plan to do a forbidden act." (Internal quotation marks omitted.) *State* v. *Lynch*, 21 Conn. App. 386, 392, 574 A.2d 230, cert. denied, 216 Conn. 806, 580 A.2d 63 (1990). On the basis of the state's attorney's recitation of the facts, we conclude that the trial court did not abuse its discretion when it determined that the requisite factual basis necessary to establish a conspiracy could be inferred.

## II

The defendant next argues that the trial court improperly apprised the defendant of the elements of the offenses to which he was pleading. More specifically, the defendant asserts that the canvass was not stated in terms that he could understand, thereby resulting in inadequate notice of the elements of the offense. This claim is without merit.

In *State* v. *Eason*, supra, 192 Conn. 44–45, our Supreme Court ruled that a trial "court [is] entitled to presume that defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Internal quotation marks omitted.) In sum, it is not the responsibility of the trial court to be the defendant's counselor. Id.

Here, the defendant, as was the defendant in *Eason*, was fully apprised by his attorney of the nature of the charge and the maximum sentence to which he was exposed. The record amply supports the court's conclusion that the defendant knowingly and voluntarily entered his plea and knowingly and intelligently chose among the alternative courses of action available to him. We conclude that the trial court properly denied the defendant's motion to withdraw his guilty plea.

The judgment is affirmed.

In this opinion the other judges concurred.