## STATE OF CONNECTICUT *v.* ANTHONY CARTER
(14993)

O'Connell, Heiman and Healey, Js.

Argued September 16—officially released November 19, 1996

*Mark Rademacher*, special public defender, for the appellant (defendant).

*Denise B. Smoker*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, *Christopher L. Morano*, supervisory assistant state's attorney, and *Judith Rossi*, assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of conviction, rendered following his guilty pleas, of violating the Corrupt Organizations and Racketeering Activity Act (CORA); General Statutes § 53-395 (b) and (c); conspiracy to violate CORA; General Statutes §§ 53a-48 and 53-395 (b) and (c); and three counts of sale of narcotics in violation of General Statutes § 21a-277 (a). On appeal, the defendant claims that his pleas of guilty were not entered knowingly and voluntarily because the trial court failed to advise the defendant that he enjoyed a right against self-incrimination and that he was waiving that right by his pleas of guilty. The defendant also asserts that his sentencing hearing was flawed because the trial court violated his right to due process by using unreliable information in sentencing. We agree with the defendant's claim that the trial court failed to include in its canvass of the defendant's guilty pleas a sufficient warning that his pleas of guilty operated as a waiver of his fundamental constitutional right against self-incrimination and, therefore, the canvass was fatally defective.

The record and transcripts of the proceedings before the trial court reveal the following relevant facts. On September 13, 1994, the state filed an information

against the defendant charging him with a variety of criminal offenses arising out of incidents that were claimed to have occurred between April 19 and May 6, 1994. The charges as filed set forth the violations to which the defendant entered his guilty pleas, as well as counts alleging conspiracy to sell narcotics and sale of narcotics within 1500 feet of a housing project.

On March 22, 1995, the defendant withdrew his prior pleas and elections as to all counts of the information, and entered pleas of guilty to the counts of the information of which he was convicted. At the time of the guilty pleas, an agreement was placed on the record indicating that the state would recommend that the defendant receive a sentence of sixteen years in the custody of the commissioner of correction, with the right to argue for a lesser period of incarceration, but in no event would he be entitled to receive a sentence of less than eight years. After a recitation of the factual predicate for the pleas and the state's placing the plea agreement on the record, the trial court proceeded to canvass the defendant to determine whether the pleas of guilty were intelligently and voluntarily made.

During the canvass, the defendant admitted that he had made three sales of heroin to undercover officers, that he had acted as lookout for fellow purveyors of narcotics and that he had attempted to flag down vehicles to sell narcotics. At the end of the canvass, the trial court found that the pleas were entered voluntarily, that the defendant understood the crimes charged, that, by his own concession, he had received effective assistance of counsel, and that he admitted the factual basis of each charge against him. Accordingly, the trial court accepted the pleas of guilty and made findings of guilty as to each of the charges to which the defendant had entered a plea of guilty. The case was referred to the office of adult probation for a presentence investigation and was continued for sentencing.

On May 25, 1995, the defendant appeared for sentencing. At the sentencing hearing, the trial court, over the defendant's objection, viewed a surveillance tape made by the police that purported to show the defendant engaged in illegal activities involving narcotics. One of the surveillance officers described for the court the activities shown on the film. The trial court restricted the commentary to events that related only to those counts to which the defendant had pleaded guilty. The trial court heard a statement from Christopher Lyons, supervisor of the intelligence unit of the Hartford police department. The trial court also heard statements from the defendant and others in his behalf, reviewed letters submitted in the defendant's behalf and heard arguments from counsel as to an appropriate sentence.

At the request of counsel for the defendant, and with the concurrence of the state, the trial court merged the defendant's convictions on the first and second counts and imposed only a single sentence on counts one and two of the information. At the completion of the sentencing hearing, the court sentenced the defendant to the custody of the commissioner of correction for a period of twelve years on the merged counts one and two, and to concurrent terms of twelve years on each of the remaining counts, for a total effective sentence of twelve years. The sentence was less than the maximum period of incarceration on which the state and the defendant had agreed at the time of the plea, and more than the minimum on which they had agreed. Thus, the parameters of the plea agreement were met by the sentence imposed.

At no time did the defendant move to withdraw his pleas, nor did he file any postsentence motions in the trial court. The defendant, on appeal, raises for the first time his claim that the trial court's canvass was constitutionally defective.

The defendant first asserts that the trial court improperly found that his pleas were entered knowingly and voluntarily because the trial court failed to advise him that he enjoyed a right against self-incrimination and that he was waiving that right by reason of his pleas of guilty. We agree with that claim. Because our resolution of that claim is dispositive of the appeal, we do not reach the remaining issue raised by the defendant.

As we have noted, the defendant raises this claim for the first time on appeal. Our Supreme Court has determined that the defendant, under these circumstances, is nonetheless entitled to a review of this claim. "[B]ecause the error claimed by the defendant involves the violation of a fundamental constitutional right, we will consider it for the first time on appeal. *State* v. *Godek*, 182 Conn. 353, 356, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981); *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973)." *State* v. *Childree*, 189 Conn. 114, 119, 454 A.2d 1274 (1983).

We begin our analysis by examining the fundamental principles of law that govern our resolution of the defendant's claim. "A guilty plea is itself a conviction; *Boykin* v. *Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *Paulsen* v. *Manson*, 203 Conn. 484, 489, 525 A.2d 1315 (1987); and a defendant, when entering such a plea, waives several constitutional rights. *Boykin* v. *Alabama*, supra, 243; *McCarthy* v. *United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *Paulsen* v. *Manson*, supra [489]; *State* v. *Gilnite*, [202 Conn. 369, 381, 521 A.2d 547 (1987)]. First is the privilege against self-incrimination, second is the right to a jury trial, and third is the right to confront one's accusers. *Boykin* v. *Alabama*, supra [234]; *McCarthy* v. *United States*, supra [466]; *State* v. *Gilnite*, supra, 381 n.14. To ensure that a defendant is accorded due process, [therefore] the plea must be

voluntarily and intelligently entered. *Boykin* v. *Alabama*, supra, 243 n.5; *McCarthy* v. *United States*, supra [466]; *Paulsen* v. *Manson*, supra [489]; *Oppel* v. *Lopes*, 200 Conn. 553, 556, 512 A.2d 888 (1986); *State* v. *Badgett*, [200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986)]; *State* v. *Lopez*, 197 Conn. 337, 341–42, 497 A.2d 390 (1985). *State* v. *Wright*, 207 Conn. 276, 287, 542 A.2d 299 (1988).

"Because it cannot be presumed from a silent record that the decision to plead guilty was the product of the defendant's full understanding of what the plea connotes and of its consequences; *Boykin* v. *Alabama*, supra, 395 U.S. 243–44; the federal constitution requires that the record of the plea canvass indicate the voluntariness of any waiver of the three core constitutional rights [implicated by the guilty plea]. *State* v. *Badgett*, supra, 200 Conn. 418. To ensure that this constitutional requirement is satisfied, the trial court is obliged to comply with the dictates of Practice Book §§ 711 and 712,[1] which enumerate the responsibilities of the court

---

[1] Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

Practice Book § 712 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement.

in conducting the plea canvass. However, because the determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances; *State* v. *Wright,* supra, 207 Conn. 287; the plea may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic safeguards of Practice Book §§ 711 and 712. *State* v. *Badgett,* supra, 418. *State* v. *Domian,* 235 Conn. 679, 686–87, 668 A.2d 1333 (1996)." (Internal quotation marks omitted.) *State* v. *Alicea,* 41 Conn. App. 47, 54–55, 674 A.2d 468 (1996). The record of the plea proceedings must, nonetheless, affirmatively reflect that the defendant made a knowing and intelligent waiver of his constitutional rights, especially of the three core constitutional guarantees enumerated in *Boykin. State* v. *Badgett,* supra, 418.

We have reviewed with care the entire transcript of the plea proceedings before the trial court. The enumeration of rights that the defendant was waiving by his pleas of guilty were set forth in a single paragraph in the transcript.[2] At no point did the trial court directly address itself to the core constitutional right against self-incrimination as guaranteed to the defendant under

---

The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his counsel."

[2] The trial court's enumeration of the defendant's constitutional rights was as follows:

"The Court: And you understand that you could have gone to trial on each and every one of these counts? [Jon] Schoenhorn, your attorney, could have represented you before a judge or jury. If you had a trial, the state would have been required to prove each of the counts beyond a reasonable doubt. Witnesses would have been subpoenaed. They could have been subject to cross-examination. If you so desired, you could have taken the stand on your own behalf, if that was your choice of counsel. And basically, because you're pleading here voluntarily before this court today, do you understand that you're waiving your ability to have a trial on each and every one of these counts here this afternoon?

"The Defendant: Yes."

the fifth[3] and fourteenth[4] amendments to the federal constitution. See *Boykin* v. *Alabama,* supra, 395 U.S. 243; *Malloy* v. *Hogan,* 378 U.S. 1, 6, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964).

The state argues that the cumulative effect of the trial court's canvass was that the defendant was sufficiently advised of his constitutional right against self-incrimination. We do not agree.

In *State* v. *Nelson,* 221 Conn. 635, 641–42, 605 A.2d 1381 (1992), our Supreme Court held that "[c]entral to the [guilty] plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so . . . . We conclude that, for protection of [the defendant's] privilege against self-incrimination, the federal constitution mandates . . . that a defendant be apprised of the fact that he does not have to enter a plea of guilty . . . and thus incriminate himself." (Citations omitted; internal quotation marks omitted.)

Here, the trial court never apprised the defendant that he did not have to plead guilty. Thus, the trial court's plea canvass violated the defendant's constitutional right against self-incrimination and, therefore, the

---

[3] The fifth amendment to the United States constitution provides in pertinent part: "No person shall be . . . compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law . . . ."

[4] The fourteenth amendment to the federal constitution provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

pleas of guilty were not knowingly and voluntarily entered.

The judgment is reversed and the case is remanded with direction to vacate the defendant's guilty pleas and for further proceedings in accordance with law.[5]

In this opinion the other judges concurred.

[5] Because the defendant's pleas of guilty were entered as a part of a single plea bargain that encompassed both a sentencing agreement and an agreement that the state enter nolles with respect to other counts, all of which was accomplished, our conclusion here necessarily unravels the entire plea bargain. See *State* v. *Alicea*, supra, 41 Conn. App. 60 n.14.